EDL

BY FAX

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

CHRISTOPHE KUBIAK, an individual; SEBASTIAN SANGES, an individual, on behalf of themselves and all others similarly situated

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

NOVASTAR MORTGAGE INC., a Virginia Corporation; NOVASTAR HOME MORTGAGE INC., a Delaware Corporation; NOVASTAR FINANCIAL INC., a Maryland Corporation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Carter M Zinn, Law Offices of Carter M. Zinn, 3450 Broderick St., #302, San Francisco, CA 94123

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding ☐ Removed from State Court ☐ Remanded from Appellate Court ☐ Reinstated or Reopened ☐ Transferred from Another district (specify) ☐ Multidistrict Litigation ☐ Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury Med Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☒ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights
- ☐ 445 Amer w/ disab - Empl
- ☐ 446 Amer w/ disab - Other

**PRISONER PETITIONS**
- ☐ 510 Motion to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl.Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (US Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

[illegible]

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $____ CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)** ☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE 6/29/07 SIGNATURE OF ATTORNEY OF RECORD [signature]

FILED 2007 JUN 29 PM 3:2 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

Carter M. Zinn (State Bar No. 205034)
LAW OFFICES CARTER M. ZINN
3450 Broderick Street, Suite 302
San Francisco, California 94123
Telephone: (415) 292-4100
Facsimile: (415) 292-4106
E-mail: Carter@zinn-law.com

John W. Phillips (Washington State Bar No. 12185)
Matthew Geyman (Washington State Bar No. 17544)
Phillips Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104-2682
Phone: (206) 382-6163
Facsimile: (206) 382-6168
e-mail: jphillips@jphillipslaw.com
(pro-hac vice applications filed herewith)

Ari Brown (Washington State Bar No. 29570)
Bergman & Frockt
614 First Avenue, Fourth Floor
Seattle, WA 98104
Telephone: (206) 957-9510
Facsimile: (206) 957-9549
E-mail: ari@bergmanlegal.com
(pro hac vice application filed herewith)

Attorneys for Plaintiffs CHRISTOPHE KUBIAK and SEBASTIAN SANGES

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

**EDL**

| | |
|---|---|
| CHRISTOPHE KUBIAK, an individual; and SEBASTIAN SANGES, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NOVASTAR MORTGAGE, INC., a Virginia corporation; NOVASTAR HOME MORTGAGE, INC., a Delaware corporation; and NOVASTAR FINANCIAL INC., a Maryland corporation,<br><br>Defendants. | CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**BY FAX** |

06/29/2007 14:08 4152924106 CARTER M ZINN PAGE 04/51

## I. INTRODUCTION

Plaintiffs bring this action, on behalf of themselves and a class of persons similarly situated, against defendants for damages and for injunctive relief resulting from the defendants' unlawful conduct concerning residential mortgage loan transactions with plaintiffs and the class members.

1. Individuals who decide to buy a home or refinance a home loan often obtain the assistance of a mortgage broker to obtain financing. In order to compensate the broker for services rendered in arranging a mortgage loan, the borrower agrees to pay a fee to the broker. This fee is commonly referred to as an "origination fee" or "broker fee." The fee is computed as a percentage of the loan amount.

2. The broker proceeds to secure a loan commitment from a lender with specific terms, including interest rate, that the lender will extend a loan to the particular borrower. As part of that deal, the broker often secures from the lender a commitment from the lender to pay an additional fee directly to the broker that increases the interest rate on the borrower's loan. The borrower unwittingly accepts a loan at an interest rate higher than what the lender would have otherwise charged for the loan in the absence of the lender's payment to the broker. This payment from the lender to the broker is commonly referred to as a "yield spread premium," "YSP," "rebate," "negative points," "back-end payment," as well as other names (and will be referred to herein as a "premium" or "premium payment"). The broker and the lender often do not disclose adequately to the borrower the lender's premium payment to the broker until the borrower signs final closing documents, if at all, thus depriving the borrower of a meaningful opportunity to negotiate better loan terms.

3. Defendant NovaStar Mortgage, Inc. ("NMI" or "NovaStar") obtains a substantial percentage of its business from the referrals of mortgage brokers who are either independent agents or who work under the name of NovaStar's affiliated company, defendant NovaStar Home Mortgage, Inc. ("NHMI"). Borrowers pay the broker a fee for procuring the loan with

NMI. NMI then pays the broker a premium for referring the loan at an inflated interest rate – and the more inflated the rate, the greater the premium NMI pays to the broker.

4. NMI's failure to adequately disclose to California borrowers its premium payment until the borrower signs final loan documents (hereinafter "closing"), if at all, takes the borrower off the market and deprives him of the opportunity to secure a lower interest rate loan. The damage to plaintiffs and NovaStar's other similarly-situated California borrowers is direct and substantial; the borrower pays an inflated interest payment as a consequence of NovaStar's premium payment to the broker and loses the opportunity to get a better deal. As to all such NovaStar loans, NovaStar's failure to adequately disclose its premium payment to the broker constitutes a deceptive act and an unfair method of competition prohibited by California Business and Professions Code §17200. The omission in Good Faith Estimates, and in some cases, HUD-1 Settlement Statements, of the fact and amount of the premium is willfully misleading and in violation of the California Business and Professions Code §17500. This deceptive conduct, in many cases, also violates the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA") as incorporated by the California Residential Mortgage Lending Act ("CRMLA").

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §1332(d)(2) in that the matter is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and members of the Class are citizens of a State different from the defendant. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events giving rise to the claim occurred in this judicial district.

## III. PARTIES

6. Plaintiffs Christophe Kubiak and Sebastian Sanges are individuals who reside together in Oakland, California. Plaintiffs obtained a mortgage loan from NovaStar.

06/29/2007 12:27 4152924106 CARTER M ZINN PAGE 06/51

7. Defendant NovaStar Mortgage, Inc. ("NMI" or "NovaStar") is a Virginia corporation headquartered in Kansas City, Missouri. NMI is a wholly owned subsidiary of Defendant NovaStar Financial, Inc. NMI is licensed in California as a consumer loan company. At all times pertinent to this action, NMI conducted business throughout the State of California.

8. Defendant NovaStar Financial, Inc. ("NFI") is a Maryland corporation with its principal place of business in Kansas City, Missouri. At all times relevant to this complaint, Novastar Financial, Inc. owned more than 10 percent of defendants NMI and NovaStar Home Mortgage Inc. ("NHMI").

9. Defendant NovaStar Home Mortgage Inc. ("NHMI") is incorporated under the laws of the state of Delaware. NHMI is a wholly-owned subsidiary of defendant NovaStar Financial, Inc. and an affiliate of defendant NMI. NHMI is licensed in California as a consumer loan company. At times pertinent to this action, NHMI conducted business throughout the State of California.

## IV. FACTS COMMON TO THE CLASS

10. NovaStar engages in residential mortgage lending within the State of California. NovaStar operates a program pursuant to which mortgage brokers refer prospective borrowers to NovaStar.

11. The payments at issue in this case are NMI's premium payments to mortgage brokers. NMI regularly makes rate sheets available to brokers in print and through its internet website. The rate sheets and corresponding internet pricing programs list the terms of the loans NMI is offering on a particular date. Interest rates are set with reference to a particular rate sheet for use between the broker and NMI. When a broker submits a loan to NMI on behalf of a borrower, NMI quotes an interest rate in writing that presumes a specific premium payment to the broker. The premium directly correlates with a higher interest rate to the borrower, i.e.: if NovaStar does not pay the premium, the rate sheet provides for a lower interest rate loan.

12. Over the life of a loan, borrowers may pay thousands of dollars more in higher interest payments than they would have if NovaStar had not paid the broker a premium.

13. The premium must be disclosed and adequately explained to the borrower early in the transaction for the borrower to be able to fairly evaluate the loan he is being offered. For loans subject to RESPA's disclosure requirements, a lender must provide a written Good Faith Estimate that discloses to the borrower any such premium, no later than the earlier of (1) the extension of credit, or (2) three (3) days after the lender receives the borrower's application for mortgage. 12 U.S.C. § 2604(c), 24 C.F.R. § 3500.7. The failure to disclose in good faith a premium prior to closing violates these rules. These disclosure requirements are specifically incorporated into California law by California Financial Code §50505. In addition, RESPA requires the lender to disclose its premium payment to the broker in the HUD-1 Settlement Statement provided the borrower at closing. 24 C.F.R. §3500.7. Both disclosures are required to comply with the law.

14. As the United States Department of Housing and Urban Development ("HUD"), the agency charged with regulatory oversight of RESPA, has stated with regard to the reasoning behind the disclosure requirements:

> In HUD's view, meaningful disclosure includes many types of information: what services a mortgage broker will perform, the amount of the broker's total compensation for performing those services (including any yield spread premium paid by the lender), and whether or not the broker has an agency or fiduciary relationship with the borrower. ... HUD believes that disclosure of this information, and written acknowledgement by the borrower that he or she has received the information, should be provided early in the transaction. Such disclosure facilitates comparison shopping by the borrower, to choose the best combination of up front costs and mortgage terms from his or her individual standpoint.

Real Estate Settlement Procedures Act Statement of Policy 2001-1, 66 Fed. Reg. 53052, 53056.

15. The three chief strategies that NovaStar employs to avoid disclosing to borrowers its premium payments to brokers in a meaningful manner include the following: First, NovaStar has implemented a policy of only disclosing its premium payment either not at all or in a vague

PAGE 08/51 CARTER M ZINN 4152924106 06/29/2007 14:08

manner that does not inform the borrower about NovaStar's premium payment to the broker. The named plaintiffs received no advance written notice that NMI was going to pay their broker a premium that would increase their interest rate. Second, NMI arranges to have its affiliate NHMI serve as a correspondent lender to hide from the borrower its premium payment to NHMI and thus its effect on the borrower's interest rate. And third, NMI advertises to brokers that they can avoid disclosing NMI's premium payment to borrowers by serving as correspondent lenders who fund the loan using NovaStar's warehouse line of credit, supplied by another NovaStar affiliate, NovaStar Capital, Inc., and as to which NMI is financially responsible from the outset.

16. NMI's failure to disclose its premium payments has harmed the Plaintiffs and the members of the Class because that non-disclosure deprived them of material information that they could have used to bargain for better loan terms and a lower interest rate from NovaStar if no such undisclosed payment had been made. The result is that the Plaintiffs and the Class have paid, and will continue to pay, more interest than they would have if NMI had not paid the undisclosed premium payment.

## V. PLAINTIFFS' TRANSACTION

17. In approximately March, 2005, Christophe Kubiak and Sebastian Sanges ("Plaintiffs") sought to refinance the home mortgage on their residence located in Oakland, California.

18. Plaintiffs contacted an NHMI mortgage broker and completed a loan application in April, 2005. The broker obtained credit reports for Mr. Kubiak and Mr. Sanges.

19. On information and belief, the broker submitted the loan to NMI for a funding decision on or before April 15, 2005. The broker submitted information including Plaintiffs' respective credit scores and other financial information. NMI quoted an interest rate for the loan that specified the amount of the premium that NMI would pay to NHMI. The written good faith estimate that the NHMI broker prepared is dated April 15, 2005. According to the good faith estimate, the costs and fees of the loan included an origination fee of $5,415 that constituted

PAGE 09/51 CARTER M ZINN 4152524106 10350748 1/2-6/29/2007 E4260 PM

1.5% of the loan amount. The Good Faith Estimate did not disclose that NMI would pay a premium to NHMI or the amount of any such payment. Instead, it stated "yield spread premium 0-3%." This line listed no charge – the dollar amount was left blank. The Good Faith Estimate had a column designated "POC" for which charges that were to be "paid outside closing" –such as a premium payment – were to be listed. The NHMI broker listed no amount to be paid under this column.

20. Plaintiffs were not informed that NMI was also going to pay their NHMI broker a premium in connection with the loan, how much the premium would be, or the effect this payment would have on their interest rate.

21. An escrow agent came to Plaintiffs' place of business on May 20, 2005 and Plaintiffs signed final closing documents.

22. Plaintiffs were not provided copies of the loan documents in advance of the May 20, 2005, closing.

23. Plaintiffs were not sent copies of the documents they signed at closing until several weeks later.

24. At closing, the actual settlement charges totaled $8,975. Of this $5,415 was stated as being paid by Plaintiffs to NHMI as an origination fee and an additional $1,585 was listed as being paid by Plaintiffs to NHMI for fees designated as underwriting, processing, and administration fees. No premium payment was listed on the settlement statement.

25. On information and belief, NMI provided all underwriting, processing and administrative services regarding Plaintiffs' loan.

26. On information and belief, NMI paid NHMI a premium on plaintiffs' loan that caused the interest rate on Plaintiffs' loan to be increased from what otherwise would be available to them.

## VI. TOLLING OF THE STATUTE OF LIMITATIONS DUE TO FRAUDULENT CONCEALMENT

27. At all relevant times during the Class Period, NovaStar fraudulently concealed the relevant facts giving rise to the claims asserted by Plaintiffs and the Class, resulting in the equitable tolling of all applicable statutes of limitations.

28. In conjunction with the mortgage loans that Plaintiffs and the Class obtained from NovaStar, NMI was required to disclose the fact and amount of all premium payments it paid to the mortgage broker. NMI was also required to disclose any affiliations with other NovaStar entities involved in the loan.

29. With respect to Plaintiffs' loan and many other class loans, NovaStar did not disclose the fact and amount of any premium payment, thereby concealing the payment and its effect from Plaintiffs and from the Class. For all class loans, NovaStar concealed the effect its premium payments on the borrowers' interest rate.

30. NovaStar's wrongdoing was not discoverable prior to the date of filing this Complaint since NovaStar effectively concealed its premium payment and its effect on Plaintiffs' loan. Plaintiffs exercised due diligence to discover NovaStar's wrongdoing by promptly filing this Complaint after discovering the facts giving rise to these claims.

## VII. THE CLASS ALLEGATIONS

31. Plaintiffs named above bring this action on behalf of a Class of similarly situated individuals, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

32. The Class is comprised of every person for whom the following is true:

a. The person entered (or enters) into a residential mortgage transaction or a refinance mortgage, secured by residential property located in California, that was (or is) funded by NMI.

b. In connection with that transaction, NMI paid the mortgage broker a premium.

PAGE 11/51 CARTER M ZINN 4152924106 10350748 1/-6/29/2007 1:42:09 PM

c. In connection with that transaction, the borrower paid the mortgage broker a fee that is in addition to the premium NMI paid the broker.

d. In connection with that transaction, NMI failed to adequately disclose to the borrower the fact and amount of the premium in writing on a Good Faith Estimate, prior to the time the borrower signed final closing documents, or failed to disclose the premium on the HUD-1 Settlement Statement, or failed to do both.

e. With respect to the inadequate disclosures in Good Faith Estimates, NMI received the loan application more than three days before the borrower signed final closing documents such that NMI could have informed, or caused the broker to inform the borrower of the amount of the premium payment in time to reasonably allow the borrowers to make informed decisions regarding the loan.

33. Plaintiffs seek to recover damages under California Business and Professions Code §17200 and California Civil Code §1780 for themselves and on a class-wide basis.

34. The Class members are so numerous as to make joinder impracticable.

35. There are numerous issues of fact and law common to members of the Class, including the following:

a. Whether NovaStar's failure to adequately disclose to a borrower the existence and amount of its premium payment to the broker constitutes an unfair, deceptive, or otherwise unlawful or prohibited act.

b. Whether NMI's use of NHMI or other brokers to serve as a correspondent lender and avoid disclosing NMI's premium payment to the broker constitutes an unfair, deceptive, or otherwise unlawful or prohibited act.

c. Whether NMI's extension to brokers of a NovaStar Capital, Inc. warehouse line of credit to avoid adequately disclosing the existence and amount of its premium payment to the broker constitutes an unfair, deceptive, or otherwise unlawful or prohibited act.

PAGE 12/51 CARTER W ZINN 4152924106

d. Whether NovaStar's failure to adequately disclose to a borrower the existence and amount of its premium payment to the broker is a business act within the meaning of the California Business and Professions Code §17200.

e. Whether NMI's use of NHMI to avoid disclosing its premium payment to the broker is a business act within the meaning of the California Business and Professions Code §17200.

f. Whether NMI's payment to brokers, including NHMI, creates an unlawful inducement to the broker to violate its duties under California Financial Code §50701.

g. Whether NMI's extension to brokers of the NovaStar Capital, Inc. warehouse line of credit to avoid adequately disclosing the existence and amount of its premium payment to the broker is a business act within the meaning of the California Business and Professions Code §17200

h. Whether NovaStar's failure to adequately disclose to a borrower the existence and amount of its premium payment to the broker threatens an incipient violation of consumer law or violates the policy or spirit of such law or otherwise threatens or harms competition.

i. Whether NMI's use of NHMI to avoid disclosing its premium payment to the broker threatens an incipient violation of consumer law or violates the policy or spirit of such law or otherwise threatens or harms competition.

j. Whether NMI's extension to brokers of the NovaStar Capital, Inc. warehouse line of credit to avoid adequately disclosing the existence and amount of its premium payment to the broker threatens an incipient violation of consumer law or violates the policy or spirit of such law or otherwise threatens or harms competition.

k. Whether NMI's financial responsibility with respect to loans issued by NMI, NHMI and NovaStar Capital, Inc. as to all class members is the same.

l. Whether NovaStar's unlawful acts caused class members to incur damages.

10350748-16-6/29/2007 1:42:09 PM

m. Whether NovaStar's unfair, deceptive, or otherwise unlawful or prohibited business practices have allowed NovaStar to receive and to hold ill-gotten gains belonging to members of the public.

n. The proper measure of damages for the members of the Class.

36. The Plaintiffs' claims are typical of the claims of the members of the Class. The Representatives, like each member of the Class, did not receive notice prior to closing that a YSP would be paid from NovaStar to their broker. This information was material as a payment from NMI to the broker was in exchange for an increase in the borrower's interest rate. Plaintiffs and members of the Class have been damaged by that failure to disclose. Moreover, Plaintiffs, like each member of the Class, paid an origination fee or other fee to the mortgage broker that compensated the mortgage broker for his or her services.

37. Plaintiffs will fairly and adequately protect the interest of all Class members in the prosecution of this action and in the administration of all matters relating to claims stated herein. They are situated similarly with, and have suffered injuries similar to, the members of the Class. Plaintiffs have also retained counsel experienced in handling class action suits involving consumer credit law and unfair business practices. Neither Plaintiffs nor their counsel has any interest that might cause them to fail to vigorously pursue this action.

38. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

a. The members of the Class are not aware that they have been wronged and even if they were the value of their individual claims would make it difficult if not impossible to prosecute individual actions.

b. Concentration of the litigation concerning this matter in this Court is desirable.

c. The claims of the Plaintiffs are typical of the claims of the Class.

d. A failure of justice will result from the absence of a class action.

e. There is nothing about the Class that would render maintenance of class action unusually difficult.

## VIII. FIRST CAUSE OF ACTION: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.: UNFAIR COMPETITION

(By the Named Plaintiffs Individually and on Behalf of the Class)

39. Plaintiffs reallege all preceding paragraphs.

40. Beginning at an exact date unknown to Plaintiffs but at least as long as four years prior to the filing of the complaint, NovaStar has committed acts of unfair competition as defined by California Business and Professions Code §17200, by engaging in the acts and practices alleged above.

41. NovaStar's failure to ensure that the Plaintiffs, and the members of the Class received adequate written notice stating that NMI would pay a premium to the broker in connection with their mortgage transactions, constituted unfair and deceptive practices as defined by California Business and Professions Code §17200.

42. By virtue of the acts and omissions alleged above, NMI, NHMI and NFI violated the duties set forth in California Financial Code §§ 50503 and 50505.

43. By virtue of the acts and omissions alleged above, NMI, NHMI and NFI violated prohibitions set forth in California Financial Code §50204.

44. NMI caused and otherwise enticed brokers, including NHMI, to violate the fiduciary duties owed to borrowers under California Financial Code §50701.

45. NFI is liable for misstatements made by NMI or NHMI by virtue of its ownership of those companies under California Financial Code §50503.

46. NovaStar's conduct threatens an incipient violation of consumer law or violates the policy and spirit of such law and otherwise significantly threatens or harms competition.

47. NovaStar's conduct affects the public interest and presents a continuing threat to the public in that it has unlawfully deceived thousands of consumers by causing them to enter into loans on unfavorable terms and, upon information and belief, continues to do so.

PAGE 15/51 CARTER M ZINN 4152924106 06/29/2007 12:09 PM

48. Plaintiffs and other members of the Class have no other adequate remedy of law.

49. Plaintiffs and the members of the Class suffered damages as a direct and proximate result of NovaStar's conduct.

50. NovaStar's conduct was the proximate cause of the damages suffered by Plaintffs and the members of the Class.

51. As a direct and proximate result of the acts alleged above, NovaStar received and continues to hold ill-gotten gains belonging to members of the public.

52. An action for injunctive relief and restitution under the Unfair Trade Practices Act is specifically authorized under California Business and Professions Code §17203. NovaStar has engaged and proposes to continue engaging in unfair competition. An order enjoining such continued unfair practices is appropriate.

53. Accordingly, NovaStar is liable to Plaintiffs and the members of the Class for damages in amounts to be proven at trial, including attorneys' fees, costs, and exemplary damages provided by law.

## IX. SECOND CAUSE OF ACTION: VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

(By the Named Plaintiffs Individually and on Behalf of the Class)

54. Plaintiffs reallege all preceding paragraphs.

55. All Plaintiffs herein are "Persons" and "Consumers" as defined by California Civil Code §1761 (c) and (d).

56. Each of the Defendants are "Persons" as defined by California Civil Code §1761(c).

57. All dealings between Plaintiffs and Defendants as set forth above constitute "transactions" as defined by California Civil Code §1761(e).

58. NMI performed "services" for Plaintiffs as defined by California Civil Code §1761(b).

PAGE 16/51 CARTER M ZINN 4152924106

59. Defendants violated the provisions of the Consumers Legal Remedies Act, including but not limited to California Civil Code §§1770 (1) – (3), (5), (9), (10), (14), (16), (18), and (19).

60. Defendants' conduct threatens an incipient violation of consumer law and/or violates the policy or spirit of such law or otherwise significantly threatens or harms competition.

61. Defendants' unlawful, unfair, and deceptive business practices as described above, present a continuing threat to members of the public. Plaintiffs and other members of the general public have no other adequate remedy of law.

62. As a direct and proximate result of the acts alleged above, Defendants received and continue to hold ill-gotten gains belonging to members of the public.

63. An action for injunctive relief under the Consumers Legal Remedies Act is specifically authorized under California Civil Code §§1780 and 1782(d).

64. If Plaintiffs succeed in enforcing these rights affecting the public interest, then attorney's fees may be awarded jointly and severally against defendants pursuant to California Code of Civil Procedure §1021.5 because a significant benefit has been conferred on the general public by enjoining the defendants from engaging in unlawful, unfair, and deceptive acts. Further, the necessity and financial burden of enforcement are such as to make such an award appropriate.

65. Pursuant to California Civil Code §1782, Plaintiffs provided written notice of Plaintiffs' claims regarding violations of the Consumers Legal Remedies Act to the Defendants by certified mail return receipt requested and demanded correction and rectification. Defendants have failed to provide rectification and correction in response to the written notice provided following the expiration of a reasonable amount of time.

66. Plaintiffs and the class have been, and continue to be damaged as a result of Defendants' conduct.

PAGE 17/51 CARTER M ZINN 4152924106

67. Defendants' acts were undertaken deliberately and with intent to deceive and/or defraud thereby entitling Plaintiffs to punitive damages against Defendants in a sum in accordance with evidence presented at trial.

## X. THIRD CAUSE OF ACTION: VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17500, ET SEQ.

(By the Named Plaintiffs Individually and on Behalf of the Class)

68. Plaintiffs reallege all preceding paragraphs.

69. Beginning at an exact date unknown to Plaintiffs but at least as long as four years prior to the filing of the complaint, defendants have committed acts of untrue and misleading advertising as defined by California Business & Professions Code §17500, by failing to disclose the true compensation to be paid to borrowers' mortgage brokers and the effect of that compensation on plaintiffs' interest rates.

70. The fraudulent, unlawful and unfair business practices and false and misleading advertising of defendants as described above present a continuing threat to consumers in that defendants will continue to mislead mortgage borrowers to enter into loans without being given accurate information in the time and manner necessary. .

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that judgment be awarded against Defendants and in favor of Plaintiffs and the Class for the following:

1. Actual damages;
2. Injunctive relief as allowed by law;
3. Restitution as allowed by law;
4. Statutory damages as provided by California Business and Professions Code §17500 et seq.;
5. Exemplary and punitive damages as provided by California Business and Professions Code §17200 et seq. and by California Civil Code §1780 et seq.;

10350748 16 6/29/2007 1:42:09 PM

6. Costs, including attorneys' fees and prejudgment interest thereon,

7. Any other relief the Court deems appropriate.

Dated: June 29, 2007

By:

LAW OFFICES OF CARTER M. ZINN

Carter M. Zinn

PHILLIPS LAW GROUP, PLLC

By:____________________
John W. Phillips (pro hac vice application pending)
Matthew Geyman (pro hac vice application pending)

BERGMAN & FROCKT

By: ____________________
Ari Y. Brown, (pro hac vice application pending)

Attorneys for Plaintiffs

PAGE 19/51 CARTER M ZINN 4152924108