WILLIAM F. ALDERMAN (STATE BAR NO. 47381)
walderman@orrick.com
JUSTIN M. ARAGON (STATE BAR NO. 241592)
jaragon@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   415-773-5700
Facsimile:    415-773-5759

Attorneys for Defendants
NOVASTAR MORTGAGE, INC., NOVASTAR HOME
MORTGAGE, INC., and NOVASTAR FINANCIAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHE KUBIAK, an individual; and SEBASTIAN SANGES, an individual, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>NOVASTAR MORTGAGE, INC., a Virginia Corporation; NOVASTAR HOME MORTGAGE, INC., a Delaware Corporation; and NOVASTAR FINANCIAL, INC., a Maryland Corporation,<br><br>    Defendants. | Case No. C07-3438 VRW<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND DECLARATION OF JULIA CONNELY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date:   October 25, 2007<br>Time:             2:30 p.m.<br>Courtroom:     6<br>Hon. Vaughn R. Walker |

OHS West:260300343.2

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND
DECLARATION OF JULIA CONNELY IN SUPPORT OF MOTION
TO DISMISS (No. C07-3438VRW)

**REQUEST FOR JUDICIAL NOTICE**

Defendants NovaStar Mortgage, Inc. ("NMI"), NovaStar Home Mortgage, Inc. ("NHMI") and NovaStar Financial, Inc. ("NFI") respectfully ask that the Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the documents identified below and attached hereto as Exhibits A to V. As established by the accompanying declaration of Julia Connely, those documents were part of plaintiffs' loan file—*i.e.*, the closing documents and other loan documents provided to plaintiffs in connection with the loan they obtained from NHMI.

Documents not attached to a complaint may nonetheless be considered by the court on a defendant's motion to dismiss if those documents' "authenticity . . . is not contested," and "the plaintiff's complaint necessarily relies on them." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). Indeed, when a "document forms the basis of the plaintiff's claim . . . [t]he defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F. 3rd 903, 908 (9th Cir. 2005); *see also Steckman v. Hart Brewing, Inc.*, 143 F. 3rd 1293, 1295-96 (9th Cir. 1998) (district court "need not accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

Plaintiffs' complaint turns entirely on what was and was not contained in the loan documents, their central allegation being that NMI (on information and belief) failed to disclose in those documents a YSP that it paid to NHMI. *See* Compl. ¶ 26. Indeed, the loan documents play such a key role, the plaintiffs' failure to attach them to their complaint is conspicuous and telling, making judicial notice all the more appropriate. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) ("The leading commentators state that 'when [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading.'") (*quoting* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327, at 762-63 (2d ed. 1990)).

1       For these reasons, the Court may and should take judicial notice of the documents
2 described in the accompanying declaration.

3

4 Dated: September 12, 2007            WILLIAM F. ALDERMAN
                                                   JUSTIN M. ARAGON
5                                                    Orrick, Herrington & Sutcliffe LLP

6

7                                              /s/ William F. Alderman
8                                                 WILLIAM F. ALDERMAN
                                                 Attorneys for Defendants
9                                      NOVASTAR MORTGAGE, INC., NOVASTAR
                                     HOME MORTGAGE, INC., and NOVASTAR
10                                                 FINANCIAL, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF JULIA CONNELY

I, Julia Connely, declare as follows:

1. I have been employed as a Litigation Assistant for Novastar Mortgage, Inc. ("NMI") since April, 2004. One of my job duties is to collect and assemble the loan files of individuals involved in litigation with NMI, NovaStar Financial, Inc. ("NFI") and NovaStar Home Mortgage, Inc. ("NHMI"). At all times relevant to the plaintiffs' complaint, NHMI lacked the capacity to store loan files relating to closed loans. It therefore forwarded those files to NMI, sending them in batches at the end of each month. NMI would then send the files to an off-site storage facility. Currently, I respond to a request for a loan file by sending an electronic order to the off-site facility, which usually gets the loan file to me by the next day.

2. In or around June 2007, I was directed to retrieve from storage the loan documentation for plaintiffs Christophe Kubiak and Sebastien Sanges. I retrieved the documents identified below as Exhibits A through V in connection with my search. Based on my experience as the custodian of loan records, I can recognize and authenticate each of the documents as part of NHMI's loan file for plaintiffs. Through my job duties and experiences, I also recognize those documents as belonging to the set of documents that borrowers receive prior to and at their loan closing. I make this declaration in support of Defendants' Motion to Dismiss and Defendants' Request for Judicial Notice in support thereof. I have personal knowledge of the facts set forth herein, and I could and would testify competently to those facts if called as a witness.

3. Attached hereto as Exhibit A is a true and correct copy of a Uniform Residential Loan Application for Christophe Kubiak and Sebastien Sanges dated April 19, 2005 and listing an 8.2% interest rate.

4. Attached hereto as Exhibit B is a true and correct copy of a Uniform Residential Loan Application for Christophe Kubiak and Sebastien Sanges dated April 19, 2005 and listing an 8.5% interest rate.

5. Attached hereto as Exhibit C is a true and correct copy of a Uniform Residential Loan Application for Christophe Kubiak and Sebastien Sanges dated April 19, 2005 and listing a 7.875% interest rate.

6. Attached hereto as Exhibit D is a true and correct copy of a Uniform Residential Loan Application for Christophe Kubiak and Sebastien Sanges dated April 19, 2005 and listing a 7.990% interest rate.

7. Attached hereto as Exhibit E is a true and correct copy of a Good Faith Estimate for Christophe Kubiak and Sebastien Sanges dated April 19, 2005 and listing a 7.990% interest rate.

8. Attached hereto as Exhibit F is a true and correct copy of a Good Faith Estimate for Christophe Kubiak and Sebastien Sanges dated April 19, 2005 and listing an 8.5% interest rate.

9. Attached hereto as Exhibit G is a true and correct copy of a Truth-In-Lending Disclosure Statement for Christophe Kubiak and Sebastien Sanges dated April 19, 2005, listing NHMI as the lender and setting out a 9.520% Annual Percentage Rate.

10. Attached hereto as Exhibit H is a true and correct copy of a Truth-In-Lending Disclosure Statement for Christophe Kubiak and Sebastien Sanges dated April 19, 2005, listing NHMI as the lender and setting out a 9.413% Annual Percentage Rate.

11. Attached hereto as Exhibit I is a true and correct copy of a Servicing Disclosure Statement for Christophe Kubiak and Sebastien Sanges listing NHMI as the lender and dated April 19, 2005.

12. Attached hereto as Exhibit J is a true and correct copy of Specific Closing Instructions signed by Christophe Kubiak and Sebastien Sanges on May 20, 2005.

13. Attached hereto as Exhibit K is a true and correct copy of a HUD-1 Settlement Statement listing NHMI as lender and signed by Christophe Kubiak and Sebastien Sanges on May 20, 2005.

14. Attached hereto as Exhibit L is a true and correct copy of an Adjustable Rate Note listing NHMI as lender and signed by Christophe Kubiak and Sebastien Sanges on May 20, 2005.

15. Attached hereto as Exhibit M is a true and correct copy of a Deed of Trust listing NHMI as lender and signed by Christophe Kubiak and Sebastien Sanges on May 20, 2005.

16. Attached hereto as Exhibit N is a true and correct copy of a Notice of Right to Cancel listing NHMI as lender and signed by Sebastien Sanges on May 20, 2005.

17. Attached hereto as Exhibit O is a true and correct copy of a Notice of Right to Cancel listing NHMI as lender and signed by Christophe Kubiak on May 20, 2005.

18. Attached hereto as Exhibit P is a true and correct copy of a Federal Truth-In-Lending Disclosure Statement listing NHMI as lender and signed by Christophe Kubiak and Sebastien Sanges on May 20, 2005.

19. Attached hereto as Exhibit Q is a true and correct copy of a Notice of Assignment, Sale or Transfer of Servicing Rights listing NHMI as lender and signed by Christophe Kubiak and Sebastien Sanges on May 20, 2005.

20. Attached hereto as Exhibit R is a true and correct copy of a Loan Servicing Disclosure Statement listing NHMI as lender and signed by Christophe Kubiak and Sebastien Sanges on May 20, 2005.

21. Attached hereto as Exhibit S is a Servicing Transfer/Payment Coupon Letter from NHMI to Christophe Kubiak and Sebastien Sanges.

22. Attached hereto as Exhibit T is a true and correct copy of an ARM Program Disclosure signed by Christophe Kubiak and Sebastien Sanges on May 20, 2005.

23. Attached hereto as Exhibit U is a true and correct copy of an Acknowledgment of Receipt of Good Faith Estimate and Truth in Lending Act Disclosures listing NHMI as lender and signed by Christophe Kubiak and Sebastien Sanges on May 20, 2005.

24. Attached hereto as Exhibit V is a true and correct copy of a Consumer Caution and Home Ownership Counseling Notice listing NHMI as lender and signed by Christophe Kubiak and Sebastien Sanges on May 20, 2005.

25. Several of the above documents have been redacted to delete potentially sensitive personal information.

///

///

///

1 |     I declare under penalty of perjury that the foregoing is true and correct and that this
2 | declaration was executed at Kansas City, Missouri on September 12, 2007.

*[signature: Julia Connely]*

Julia Connely