Carter M. Zinn (State Bar No. 205034)
LAW OFFICES CARTER M. ZINN
3450 Broderick Street, Suite 302
San Francisco, California 94123
Telephone: (415) 292-4100
Facsimile: (415) 292-4106
E-mail: carter@zinn-law.com

John W. Phillips (Washington State Bar No. 12185)
Matthew Geyman (Washington State Bar No. 17544)
PHILLIPS LAW GROUP, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104-2682
Telephone: (206) 382-6163
Facsimile: (206) 382-6168
E-mail: jphillips@jphillipslaw.com

Ari Y. Brown (Washington State Bar No. 29570)
LAW OFFICE OF ARI BROWN
1001 Fourth Avenue, Suite 3600
Seattle, WA 98154
Telephone: (206) 623-5890
Facsimile: (206) 623-0965
E-mail: ari@abrownlegal.com

ATTORNEYS FOR PLAINTIFFS CHRISTOPHE KUBIAK AND SEBASTIAN SANGES

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHE KUBIAK, an individual; SEBASTIAN SANGES, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NOVASTAR MORTGAGE INC., a Virginia corporation; NOVASTAR HOME MORTGAGE INC., a Delaware corporation; NOVASTAR FINANCIAL INC., a Maryland corporation,<br><br>Defendants. | Case No. C07-3438 VRW<br><br>CLASS ACTION<br><br>**DECLARATION OF ARI BROWN IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION TO DISMISS** |

I, Ari Brown, declare and state as follows:

1.     I am one of the counsel representing Plaintiffs in this case. I have personal knowledge of the matters described in this declaration and am competent to testify.

2.     Attached as Exhibit A is a true and correct copy of e mail correspondences between plaintiffs' counsel, John Phillips and counsel for NovaStar in this case on which I was copied. After reviewing documents from NovaStar that its counsel claimed to show that no YSP was paid in connection with Plaintiffs' loan Mr. Phillips and I saw that the documents NovaStar forwarded did not actually show whether a YSP or premium was paid, but that certain other documents would show that definitively. Mr. Phillips and I therefore responded with a list of the documents that would show whether a NovaStar Mortgage Inc. paid a premium to its affiliate and requested that NovaStar provide those documents. We received no response.

3.     I served as plaintiffs' counsel in the case of *Tandiama v. NovaStar Mortgage Inc*, C03-0909 (W.D. Wash.). In that case, NovaStar filed pleadings with the court in which it described the yield spread premiums it paid as being compensation for the services mortgage brokers provide to borrowers. Attached as exhibit B is a true and correct excerpt of NovaStar's response to plaintiffs' motion for class certification in that case. NovaStar characterizes the yield spread premiums it pays on page 4, lines 1-25.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEGE

DATED this 15th Day of November, 2007

_//s_____

Ari Brown

DECLARATION OF ARI BROWN- 2

1
## CERTIFICATE OF SERVICE

2
     I hereby certify that on November 15, 2007, I caused the foregoing document to be

3
electronically filed with the Clerk of the Court using the CM/ECF system and caused it to be

4
electronically served on all counsel as follows:

5

6
William F. Alderman
Justin M. Aragon
Orrick, Herrington & Sutcliffe LLP

7
The Orrick Building
405 Howard Street

8
San Francisco, CA  94105-2669
walderman@orrick.com

9
jaragon@orrick.com

10

11
                                   By:  /s/ John W. Phillips

12

13

14

15

16

17

18

19

20

21

22

23

DECLARATION OF ARI BROWN- 3

## Ari Brown

| | |
|---|---|
| **From:** | John Phillips [jphillips@jphillipslaw.com] |
| **Sent:** | Wednesday, September 05, 2007 1:46 PM |
| **To:** | Alderman, William |
| **Cc:** | Johnson, Ian L.; Aragon, Justin; Ari Brown |
| **Subject:** | RE: Kubiak v. NovaStar Mortgage |

Bill as I understand it, you think that Messrs. Kubiak and Sanges are the wrong plaintiffs because NHMI was a lender and not a broker, thus it did not get paid a YSP, and that in any event the 0-3% disclosure would be adequate even if it did get paid a YSP. Our suit focuses on "premium" payments that increase the borrower's interest rates – that includes YSP payments but is not limited to payments labeled as YSPs. Similarly, our suit is based on deceptive conduct and not strictly speaking a violation of RESPA disclosures, although a RESPA violation would be an example of NovaStar's deceptive conduct. We believe that undisclosed payment by NMI to NHMI to "acquire" the loan had the same effect as a YSP, was calculated in the same way, and was deceptive. In part because of the relationship between NHMI and NMI, the federal judge in Tacoma rejected motions to dismiss and for summary judgment on just these issues and was prepared to let a jury decide whether such conduct was deceptive and whether a 0-3% "disclosure" by a broker was deceptive when the broker knew otherwise. If you have evidence that NMI did not pay NHMI for the loan, and did not agree to do so before the loan closed, let us know. We would need to see, at minimum, the following documents from NovaStar's loan file regarding the plaintiffs:
Novalinq screens
the broker demand
purchase commitment
lock in confirmation
final loan detail
purchase worksheet

Otherwise we think we have the right plaintiffs and you should file whatever motion you think you need to file.

---

**From:** Aragon, Justin [mailto:jaragon@orrick.com]
**Sent:** Friday, August 31, 2007 5:18 PM
**To:** John Phillips
**Cc:** Johnson, Ian L.
**Subject:** RE: Kubiak v. NovaStar Mortgage

Mr. Phillips, I am attaching the documents Bill references in his email below; they include your clients' closing file, loan applications and the GFEs provided to them. These documents bear the production numbers NS00001 through NS00118. In addition, I have mailed this set of documents via FedEx for overnight delivery. Please contact me if you have any difficulty opening the attachment. Thank you.

JUSTIN MANUEL ARAGON
*Attorney at Law*
ORRICK, HERRINGTON & SUTCLIFFE LLP
*415-773-5622*
*email* jaragon@orrick.com
www.orrick.com


EXHIBIT A

**From:** Alderman, William
**Sent:** Friday, August 31, 2007 2:19 PM
**To:** John Phillips
**Cc:** Johnson, Ian L.; Aragon, Justin
**Subject:** Kubiak v. NovaStar Mortgage

**Hi John -- Thanks for calling me back yesterday. This confirms our agreement that the defendants may have an additional week, to and including September 12, within which to respond to the complaint in the above action.**

**As we discussed, I'm having my colleague Justin Aragon email and overnight the closing file for your clients' loan, along with their loan applications and the GFEs provided to them. I believe these documents make entirely clear that your clients did not pay a YSP as alleged in the complaint. NHMI ultimately acted as lender, not as broker, for your clients' loan and consequently was not in a position to receive a YSP. In addition, as I believe you know, NHMI in any event disclosed in the GFEs the range of YSP it would have received had it instead chosen to broker the loan to another lender rather than itself acting as the lender. I don't believe there's any dispute that this disclosure would have met all legal requirements for GFEs had NHMI elected to broker the loan.**

**I look forward to speaking with you again after you've had a chance to review these documents. Best regards, and enjoy the holiday weekend. Bill**

**WILLIAM F. ALDERMAN**
ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CA 94105
*telephone* 415-773-5944
*fax* 415-773-5759
*email* walderman@orrick.com
www.orrick.com

=====================================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

=====================================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF

11/15/2007

THE HONORABLE THOMAS S. ZILLY

RECEIVED

JUL 0 2 2004

BROWN SAYRE PLLP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELANIE M. TANDIAMA and ANGELITO
G. TANDIAMA, husband and wife;
ANGELITO G. TANDIAMA, on behalf of the
Estate of Juliana Tandiama; and RUSSELL and
LARAE BOMAR, husband and wife, on behalf
of themselves and a class of similarly situated
individuals,

                Plaintiffs,

    v.

NOVASTAR MORTGAGE, INC., a Foreign
Corporation; MIHAN, INC., a Washington
Corporation d/b/a Mihan Mortgage,

                Defendants,

    v.

MARJORIE and JOHN DOE GABRIEL,
husband and wife; LYNN R. LOFTUS; and
BEST ESCROW SERVICES, INC., a
Washington Corporation,

                Third-Party Defendants.

NO. C03-0909 Z

DEFENDANT NOVASTAR MORTGAGE
INC.'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION AND IN
SUPPORT OF ITS RULE 12(B)(1)
MOTION TO DISMISS FOR LACK OF
STANDING

**FILED UNDER SEAL**

**Noted for hearing: July 16, 2004**

NOVSTAR'S MEMO OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
(NO. C03-0909 Z) - i
[42164-0001/SL041830.289]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

EXHIBIT B

In recent years, borrowers have increasingly sought the services of mortgage brokers to arrange residential financing. RESPA Statement of Policy, 64 Fed. Reg. 10080 (Mar. 1, 1999), codified at 12 C.F.R. pt. 3500. Brokers perform many indispensable services, including: counseling borrowers about the various loan products, collecting financial information, providing disclosures, obtaining credit reports, arranging legal documents, arranging property appraisals and inspections, and participating in loan closings, among many other individualized services. 64 Fed. Reg. at 10081. The brokers' services benefit both the borrower and the lender. 64 Fed. Reg. at 10086.

NovaStar compensates its brokers through payments that it labels "yield spread premiums." Dillingham Decl. ¶ 7. While HUD defines a "yield spread premium" as a payment calculated based upon a borrower receiving an above-par (i.e., above market) interest rate,[4] NovaStar uses the term yield spread premium to include all forms of payments to brokers as compensation for the loans sent to NovaStar. Id. ¶ 8. A so-called "yield spread premium" paid by NovaStar may be based upon several factors other than interest rate. Id. ¶ 9. In fact, as demonstrated by the Bomars' loan, NovaStar may pay a broker a "yield spread premium" even though the borrower's interest rate is below par. Id. In these cases, the so-called "yield spread premium" has no interest rate component at all.

NovaStar makes available to its brokers dozens of mortgage loan programs with varying interest rates to fit different borrowers' needs. Id. ¶ 10. NovaStar makes its brokers aware of the programs and different possible interest rates and the brokers' possible compensation by posting what are called "rate sheets" on a web site accessible by password. Id. ¶ 11. The rate sheets identify the different loan programs and different interest rates that are available for borrowers with different credit scores. Id. The rate sheets also identify the compensation available to

---

[4] The term "par rate" refers to the lowest rate that a lender is willing to provide to a particular borrower. To obtain a rate lower than the par rate, it is necessary for the rate to be bought down. Each lender sets its own par rate. Dillingham Decl. ¶ 8.

NOVSTAR'S MEMO OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
(NO. C03-0909 Z) - 4
[42164-0001/SL041830.289]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## CONCLUSION

For all the foregoing reasons, plaintiffs' Motion for Class Certification must be disallowed and the class allegations stricken, pursuant to Local Court Rule 23(f)(3).

DATED: July 1, 2004.

s/ V.L. Woolston, WSBA #9453
Steven C. Minson, WSBA #30974
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206-359-8000
Fax: 206-359-9000
E-mail: vwoolston@perkinscoie.com

Also on the Brief:

Donald C. Brown, Jr. (Pro Hac Vice)
**Weiner Brodsky Sidman Kider PC**
1300 Nineteenth St. NW, Suite 500
Washington, D.C. 20036-1609
Telephone: (202) 628-2000
Fax: (202) 628-2011

Attorneys for Defendant NovaStar Mortgage, Inc.

NOVSTAR'S MEMO OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
(NO. C03-0909 Z) - 31
[42164-0001/SL041830.289]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000