1  WILLIAM F. ALDERMAN (STATE BAR NO. 47381)
   NANCY E. HARRIS (STATE BAR NO. 197042)
2  JUSTIN M. ARAGON (STATE BAR NO. 241592)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
3  The Orrick Building
   405 Howard Street
4  San Francisco, CA  94105-2669
   Telephone:    415-773-5700
5  Facsimile:    415-773-5759
   Email:      walderman@orrick.com
6  Email:      nharris@orrick.com
   Email:      jaragon@orrick.com
7
   Attorneys for Defendants
8  NovaStar Mortgage Inc., NovaStar Home Mortgage, Inc. and
   NovaStar Financial, Inc.
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

14  CHRISTOPHER KUBIAK, an individual;        Case No.  C 07-CV -03438-VRW
    and SEBASTIAN SANGES, an individual, on
15  behalf of themselves and all others similarly   **DEFENDANTS' REPLY IN SUPPORT**
    situated,                                       **OF MOTION TO DISMISS**
16
                    Plaintiffs,
17
          v.
18
    NOVASTAR MORTGAGE INC., a Virginia
19  corporation; NOVASTAR HOME
    MORTGAGE, INC., a Delaware corporation;
20  and NOVASTAR FINANCIAL, INC., a
    Maryland corporation,
21
                    Defendants.
22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT.........................................................................................................................2

I.      PLAINTIFFS CANNOT ESCAPE THE TWOMBLY STANDARD ...............................2

II.      PLAINTIFFS' RETREAT TO PIERCE ONLY CONFIRMS THE ABSENCE OF ANY ACTIONABLE CLAIM HERE........................................................................4

III.      PLAINTIFFS ALLEGE NO VIOLATION OF RESPA ........................................5

IV.      PLAINTIFFS STILL OFFER NO BASIS FOR NAMING NFI AND NMI AS DEFENDANTS...............................................................................................6

V.      PLAINTIFFS ALLEGE NO VIOLATION OF CALIFORNIA LAW .............................7

CONCLUSION.......................................................................................................................8

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Bell Atlantic Corp.* v. *Twombly*,
    127 S. Ct. 1955 (2007) .................................................................................. 1, 2, 3

*Conley* v. *Gibson*,
    355 U.S. 41 (1957) ................................................................................................. 2

*Deerman* v. *Fed. Home Loan Mortgage Corp.*,
    955 F. Supp. 1393 (N.D. Ala. 1997) .................................................................... 8

*DeShazier* v. *Williams*,
    2006 WL. 2522397  2006 U.S. Dist. LEXIS 64906 (E.D. Cal. Aug. 29, 2006) ...................... 5

*Freeman* v. *Time, Inc.*,
    68 F.3d at 285 (9th Cir. 1995) ............................................................................... 7

*Gilligan* v. *Jamco Devel. Corp.*,
    108 F.3d 246 (9th Cir. 1997) ................................................................................. 2

*Grosz* v. *Lassen*,
    2007 WL. 2384444, 2007 U.S. Dist. LEXIS 60699 (E.D. Cal. Aug. 17, 2007) ...................... 5

*Hernandez* v. *Hilltop Financial Mortgage Inc.*,
    2007 WL. 3101250, 2007 U.S. Dist. LEXIS 80867 (N.D. Cal. Oct. 22, 2007) .................. 7, 8

*LaChapelle* v. *Berkshire Life Ins. Co.*,
    142 F.3d 507 (1st Cir. 1998) .................................................................................. 5

*Moreno* v. *Summit Mortgage Corp.*,
    364 F.3d 574 (5th Cir. 2004) ................................................................................. 4

*Pierce* v. *NovaStar Mortgage, Inc.*,
    422 F. Supp. 2d 1230 (W.D. Wash. 2006) ..................................................... 1, 2, 3, 4, 5, 6

*Pierce* v. *NovaStar Mortgage, Inc.*,
    489 F. Supp. 2d 1206 (W.D. Wash. 2007) ...................................................... 4, 5

*Pierce* v. *NovaStar Mortgage, Inc.*,
    2007 WL 836714  2007 U.S. Dist. LEXIS 18336 (W.D. Wash. March 15, 2007) ......... 4, 5, 6

*Pierce* v. *NovaStar Mortgage, Inc.*,
    2007 WL 951845  2007 U.S. Dist. LEXIS 21918 (W.D. Wash. March 27, 2007) ................. 4

*Nab* v. *Contractors State License Bd.*,
    2007 WL 2009806  2007 U.S. Dist. LEXIS 48991 (E.D. Cal. July 6, 2007) .......................... 2

*Steelman* v. *Prudential Ins. Co. of Am.*,
    2007 WL 2009805  2007 U.S. Dist. LEXIS 52063 (E.D. Cal. July 6, 2007) .......................... 2

1

**TABLE OF AUTHORITIES**
(continued)

2
                                                                                           **Page**

3      *Van Slyke* v. *Capital One Bank*,
           503 F. Supp. 2d 1353 (N.D. Cal. 2007), cited in defendants' opening brief ..........................8
4
       *Walker* v. *Federal Deposit Ins. Corp.*,
5          970 F.2d 114 (5th Cir. 1992) ........................................................................................8

6                                      **STATE CASES**

7      *Berry* v. *American Express Publishing, Inc.*,
           147 Cal. App. 4th 224 (2007) ...............................................................................7, 8
8
       *Lamn* v. *AMFAC Mortgage Corp.*,
9          605 P.2d 730 (Or. App. 1980) .................................................................................8

10     *McKell* v. *Washington Mut., Inc.*,
           142 Cal. App. 4th 1457 (2006) .............................................................................7, 8

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INTRODUCTION**

2          Plaintiffs seek to save their defective complaint in this case largely by ignoring

3     their actual allegations – and the inadequacies of those allegations itemized in defendants'

4     opening brief – and instead trying to portray this case as a carbon copy of the claims their counsel

5     made in an earlier case that was settled rather than tried.

6          For multiple reasons, plaintiffs' attempt to piggyback on their counsel's

7     characterizations of allegations and rulings in a different case with different plaintiffs in a

8     different state with different loans subject to different law gets them nowhere here.[1]  In the first

9     place, plaintiffs cannot substitute the facts in *Pierce* for those that are unique to them here.  Nor

10    can they substitute argument about claimed facts or rulings in *Pierce* for the allegations they

11    make here.  Nor can their mischaracterization of those facts and rulings substitute for the actual

12    rulings, or for the facts on which those rulings were based.

13         Ultimately, plaintiffs cannot escape the plain fact that their complaint here is

14    entirely dependent on speculative and conclusory assertions made only on "information and

15    belief" that do not come close to meeting the *Twombly* standard for pleading an actionable claim.

16         Plaintiffs' allegations here are centered on the hypothesis that defendant NovaStar

17    Home Mortgage, Inc. ("NHMI"), acting as a broker, received an undisclosed "yield spread

18    premium" ("YSP") from NovaStar Mortgage, Inc. ("NMI"), acting as a lender.  But plaintiffs'

19    closing documents, as well as their loan applications and the "good faith estimates" ("GFEs")

20    they received from NHMI, reveal without exception that NHMI was a lender rather than broker

21    and do not mention NMI at all.

22         Plaintiffs' only response to the disconnect between their loan documents and their

23    allegations is to mischaracterize the facts and rulings in *Pierce* and to claim as facts in their brief

24    matters in this case that are nowhere alleged in the actual complaint.  As we show below,

25    plaintiffs' approach can neither resuscitate their complaint nor suggest a path by which

26    _____

27    [1]     The prior case is *Pierce v. NovaStar Mortgage, Inc.*, No. C05-5835 RJB in the District Court
      for the Western District of Washington ("*Pierce*"), in which all claims were asserted under
28    Washington state law.

1   amendment could permit them to escape the realities of their actual loan documents.  Their

2   complaint should be dismissed without leave to amend, and the action dismissed with prejudice.

3   **ARGUMENT**

4   **I.     PLAINTIFFS CANNOT ESCAPE THE *TWOMBLY* STANDARD**

5          Plaintiffs seek to sweep aside the dispositive pleading standard articulated by the

6   Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), by arguing at page 5

7   that it "did not purport to change the essential pleading standards under the Federal Civil Rules."

8   But that ignores not only what the Court actually said in *Twombly*, but also how post-*Twombly*

9   courts have uniformly read the decision.

10          Rejecting the long-standing leniency *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957),

11  conferred  in pleading largely speculative claims, the Court in *Twombly* held that a complaint

12  must allege specific facts sufficient "to raise a right of relief above the speculative level" and

13  must "contain something more than a statement of facts that merely creates a suspicion of a

14  legally cognizable right of action."  127 S. Ct. at 1965.[2]

15          Subsequent decisions have embraced this watershed tightening of federal pleading

16  standards and rejected attempts like plaintiffs make here to restrict *Twombly* to the specific

17  antitrust context in which it arose.  In the short time since *Twombly* was decided, California

18  federal courts have applied the *Twombly* standard 49 times, and no court has attempted to

19  distinguish or limit the Supreme Court's holding.  Typical of these decisions is Judge Karlton's

20  recent ruling that the "holding in *Twombly* explicitly abrogates the well-established holding in

21  *Conley v. Gibson*, that, 'a complaint should not be dismissed for failure to state a claim unless it

22  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

23  would entitle him to relief.'"  *Steelman v. Prudential Ins. Co. of Am.*, 2007 WL 2009805 at *4 n.

24  14, 2007 U.S. Dist. LEXIS 52063 at *14 n. 14 (E.D. Cal. July 6, 2007); *see also Nab v.*

25

26  [2]     Plaintiffs here continue at page 5 to rely on the now-moribund *Conley* standard by citing the
    *Conley* language quoted in *Gilligan v. Jamco Devel. Corp.*, 108 F. 3d 246, 248 (9th Cir. 1997).
27  Their attempt to get mileage from the *Pierce* court's denial of NMI's motion to dismiss suffers
    the same flaw, since that court likewise relied on *Gilligan*'s recital of the outdated *Conley*
28  standard.  *Pierce*, 422 F. Supp. 2d 1230, 1233 (W.D. Wash. 2006).

1   *Contractors State License Bd.*, 2007 WL 2009806 at *2, 2007 U.S. Dist. LEXIS 48991 at *6

2   (E.D. Cal. July 6, 2007) ("For fifty years, courts have applied the Supreme Court's statement in

3   *Conley v. Gibson*…The Supreme Court recently determined that the 'no set of facts' standard 'is

4   best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim

5   has been stated adequately, it may be supported by showing any set of facts consistent with the

6   allegations in the complaint'")(citing *Twombly*, 127 S. Ct. at 1969).

7       Nothing in plaintiffs' opposition brief here suggests that their complaint rests on

8   anything beyond the speculation condemned in *Twombly*. The key allegations in the complaint

9   rest only on "information and belief" unsupported by any concrete facts suggesting that the

10  speculation has a basis (*see*, *e.g.*, Compl. ¶¶ 19, 25, 26).

11      Even more troubling is the fact that plaintiffs' speculation is belied by the very

12  loan documents they reference in the complaint. They attempt to evade that inconvenient truth by

13  suggesting at page 6 that the documents provided to them and to the Court by defendants' counsel

14  were only "selected" excerpts from plaintiffs' NHMI loan file and by speculating that other

15  documents in the loan file would support their claim. But, as shown in the transmittal of those

16  documents by defense counsel – offered by plaintiffs themselves as Exhibit A to the Declaration

17  of Ari Brown – the documents constituted the entire closing file for plaintiffs' loan, together with

18  the loan applications and GFEs earlier provided to them. None of these documents identifies

19  anyone other than NHMI as plaintiffs' lender. None mentions NMI in any capacity at all. None

20  suggests that NHMI actually acted as a broker rather than lender in connection with plaintiffs'

21  loan. The actual records entirely undercut the speculative hypothesis at the center of plaintiffs'

22  complaint.

23      Rather than confronting these flaws, plaintiffs in their brief retreat to a suggestion

24  that, instead of examining their actual allegations here, the Court should assume that their

25  allegations in the Washington law context of *Pierce* are equally applicable to the California loan

26  made to plaintiffs here. As we show below, this tactic is equally flawed, inasmuch as the actual

27  facts and rulings in *Pierce* only confirm the absence of any actionable claim here.

28

## II.  PLAINTIFFS' RETREAT TO *PIERCE* ONLY CONFIRMS THE ABSENCE OF ANY ACTIONABLE CLAIM HERE

Plaintiffs' retreat to *Pierce* is the central theme of their opposition to defendants' motion to dismiss, as shown by their express reliance on *Pierce* at pages 1-4, 6 and 8-13 of their brief.  But substituting characterizations of *Pierce* for actual allegations in the complaint here, particularly where none of the *Pierce* opinions ever found any violation of law or addressed loan documents like those here, only confirms the absence of any actionable claim in this case.

In *Pierce*, plaintiffs alleged that NMI as a lender paid undisclosed YSPs to a number of non-defendant brokers, most of whom were unaffiliated with NMI.  To the extent NHMI was one of those brokers, actual loan documents itself described NHMI as a broker and NMI as the lender.  *See*, *e.g.*, *Pierce*, 489 F. Supp. 2d 1206, 1210 (W.D. Wash. 2007).

Here, in contrast, the loan documentation describes NHMI as lender, not broker, and doesn't mention NMI at all.  Moreover, to the extent plaintiffs here suggest in their brief (though not articulated in their complaint) that NMI should be regarded as the "real" lender because NHMI supposedly intended all along to sell plaintiffs' loan to NMI once it was closed, the court in *Pierce* rejected that theory of liability.  *See*, *e.g.*, *Pierce*, 2007 WL 951845 at *3-4, 2007 U.S. Dist. LEXIS 21918 at *11-12 (W.D. Wash. March 27, 2007), relying on *Moreno v. Summit Mortgage Corp.*, 364 F.3d 574, 575-77 (5th Cir. 2004) (lender's agreement to sell loan to defendant before closing does not make defendant a "lender" subject to RESPA disclosure requirements).

Plaintiffs also attempt to get mileage from *Pierce* by suggesting that the court there found fault with NMI's disclosure of a range of potential YSPs in its GFEs.  In truth, however, the court consistently declined to address whether such disclosure violated either RESPA or any of the Washington statutes at issue there.  *See*, *e.g.*, *Pierce*, 2007 WL 836714 at *5-7, 2007 U.S. Dist. LEXIS 18336 at *15-22 (W.D. Wash. March 15, 2007) (denying plaintiffs' motion for partial summary judgment on this issue and noting RESPA expressly permits GFEs to disclose potential range of YSP payments); 489 F. Supp. 2d at 1215.

Indeed, the court in *Pierce* never adjudicated the question whether ***any*** of NMI's

1    conduct as alleged in that case violated Washington law.  Needless to say, it did not even

2    remotely speculate on whether the conduct of NMI, much less that of NHMI or NFI (neither of

3    which was named as a defendant in *Pierce*), that plaintiffs allege in this case violated any

4    provision of the California law at issue here.

5          In sum, plaintiffs' retreat to *Pierce* in their brief not only betrays their

6    abandonment of the theories they pled in their complaint here; it also confirms that, even if they

7    were to attempt to replead their claims here to mirror those in *Pierce*, the actual rulings in *Pierce*

8    would offer them no support.[3]

9                    ### III.    PLAINTIFFS ALLEGE NO VIOLATION OF RESPA

10          Plaintiffs devote pages 9-13 of their opposition to the contention that defendants

11   violated RESPA by failing to disclose a YSP paid by NMI as lender to NHMI as broker.  At the

12   outset, this argument fails for the simple reason that plaintiffs cannot show that, contrary to their

13   loan documentation, NHMI acted as broker and received a YSP.

14          But even had NHMI been broker rather than lender, and even had it received a

15   YSP from NMI, plaintiffs would still lack any actionable claim.  Nothing in their complaint or in

16   the law they cite supports the argument they made in *Pierce* and repeat here that disclosure of a

17   range of potential YSPs in a GFE somehow violates RESPA.

18          For starters, the *Pierce* court expressly declined on multiple occasions to accept as

19   a matter of law the argument of plaintiffs there that disclosure of a 0-3% range of potential YSPs

20   in a GFE violates RESPA or Washington law.  *Pierce*, 489 F. Supp. 2d at 1215; 2007 WL 836714

21   _____

    [3]    Plaintiffs' characterization of the *Pierce* facts and rulings in their brief would be unavailing
22   even if they had been accurate and even if they had been included in plaintiffs' complaint.  As the
    First Circuit noted in *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507 (1st Cir. 1998), the
23   12(b)(6) standard of review is not a "virtual mirage."  In assessing the sufficiency of a complaint,
    courts must "differentiate between well-pleaded facts, on the one hand, and bald assertions,
24   unsupportable conclusions, periphrastic circumlocution, and the like, on the other hand; the
    former must be credited, but the latter can be safely ignored" *Id.* at 508 (citations omitted); *see,*
25   *also, DeShazier v. Williams*, 2006 WL 2522397 at *6, 2006 U.S. Dist. LEXIS 64906 at *18 (E.D.
    Cal. Aug. 29, 2006) ("Here Plaintiff's pleading makes it clear he intends to merely allege the
26   hypothetical existence of a policy… and then, having alleged it, he intends to go fishing.
    [However,] [t]he price of entry, even to discovery, is for plaintiff to allege a factual predicate
27   concrete enough to warrant further proceedings, which may be costly and burdensome") (citations
    omitted); *Grosz v. Lassen*, 2007 WL 2384444, *1-2, 2007 U.S. Dist. LEXIS 60699 at *3-5 (E.D.
28   Cal. Aug. 17, 2007).

1   at *5, 2007 U.S. Dist. LEXIS 18336 at *15-16.  Indeed, the court noted that RESPA expressly

2   permits a GFE to disclose an estimated range of potential charges and that plaintiffs offered no

3   authority "for the notion that disclosure of a range beginning with '0%' is inadequate under

4   RESPA." *Id.* at *16.  The court further concluded that even evidence of a specific YSP known to

5   the lender prior to providing a GFE (a fact plaintiffs here do not allege in any event) does not

6   render disclosure of a range a violation of RESPA's good faith requirement.  *Id.* at *20-21.

7          In a final attempt to walk away from the express disclosures in their GFEs,

8   plaintiffs argue at page 15 that, because the GFEs in the loan file are unsigned, "there is no

9   evidence that plaintiffs ever saw them."  They apparently have short memories, inasmuch as they

10  referenced at page 7 "the GFE given to plaintiffs," and nothing in their complaint suggests that

11  they did not receive the GFE and the range of potential YSP payments described in paragraph 19.

12              **IV.    PLAINTIFFS STILL OFFER NO BASIS FOR NAMING**
                        **NFI AND NMI AS DEFENDANTS**
13

14         Defendants' opening brief established at pages 8-10 that the complaint reveals no

15  basis for including NFI and NMI in this suit.  Plaintiffs' cursory response does not fill that gap.

16         As to NFI (the corporate parent of NHMI and NMI), plaintiffs claim at page 13

17  that they will show that it has some officers and/or directors in common with NHMI and/or NMI.

18  Even if plaintiffs had alleged these claims as facts, rather than merely asserted them in a brief,

19  they would not establish the knowing or reckless causing of the making of a material

20  misstatement or omission relating to a loan or its servicing required by California law.

21         Plaintiffs attempt to justify their naming of NMI by characterizing it as their lender

22  (page 12) and by saying that NMI in *Pierce* had never tried to suggest that it was not responsible

23  for RESPA's disclosure requirements (pages 12-13).  But loan documents in *Pierce*, unlike those

24  here, described NMI as a lender.  That case alleged undisclosed payments by NMI as lender to a

25  number of different brokers who were described as such in the loan documents.  There was no

26  reason for NMI to disclaim disclosure obligations (other than with respect to some loans that it

27  bought in secondary market transactions).

28         Here, in contrast, plaintiffs' loan closing documents, as well as the loan

1  applications and GFEs, consistently identify NHMI as the lender and do not mention NMI at all.

2  Plaintiffs have neither alleged nor argued any basis for including NMI or NFI in this case and

3  could not even in theory have done so in light of their actual loan documents.

4              **V.    PLAINTIFFS ALLEGE NO VIOLATION OF CALIFORNIA LAW**

5              Defendants' opening brief at pages 10-14 made clear that plaintiffs have no

6  actionable claim under California law.  Plaintiffs' brief suggests nothing to the contrary.

7              Plaintiffs' claim at page 14 that a violation of RESPA shows unlawful conduct

8  under the UCL, while true in the abstract, has no relevance here where, as shown above, the

9  RESPA predicate cannot be found in light of plaintiffs' actual loan documents and the

10  indisputable absence of a YSP.  And the absence of a UCL claim also dooms their attempt to add

11  claims under the FAL and CLRA, which plaintiffs acknowledge at page 16 are co-extensive with

12  the UCL.[4]

13              Plaintiffs' attempt to sidestep a further defect in their CLRA claim – the fact that

14  the loan they received is neither the "goods" nor the "services" required by the CLRA – is

15  likewise meritless.

16              Plaintiffs begin at page 16 n. 3 by citing an NMI brief in another case that

17  describes the services a mortgage broker provides to borrowers.  But that has no bearing here,

18  where plaintiffs' loan documents establish that NHMI did not serve as a broker and accordingly

19  could not have received a YSP, either as that term is used by HUD and in RESPA or at it was

20  described in NMI's earlier brief.

21              Plaintiffs also seek to evade the statute's inapplicability to transactions that are not

22  for goods or services by citing Judge Illston's recent opinion in *Hernandez v. Hilltop Financial*

23  *Mortgage Inc.*, 2007 WL 3101250, 2007 U.S. Dist. LEXIS 80867 (N.D. Cal. Oct. 22, 2007),

24  declining to apply two of the California appellate decisions on which defendants rely here[5] to the

25
26  [4]    *See, also*, *Freeman v. Time, Inc.*, 68 F. 3d at 285, 290 (9th Cir. 1995) (absence of UCL claim dooms CLRA claim as well).

27  [5]    *Berry v. American Express Publishing, Inc.*, 147 Cal. App. 4th 224 (2007), and *McKell v.*
   *Washington Mut., Inc.*, 142 Cal. App. 4th 1457 (2006).  The court in *Berry* found the CLRA
28  inapplicable to extensions of credit, in part because the legislature had expressly deleted earlier
   language in the bill that had included purchasers of credit in the definition of "consumer."

1  predatory lending context of the case before her.

2      Rather than viewing her case as primarily about a loan transaction, as were *Berry*

3  and *McKell* and as is this case,[6] Judge Illston focused on the predatory practices alleged in the

4  complaint before her and applied cases unique to that context.[7]  Her context-specific ruling does

5  not detract from the applicability here of cases like *Berry*, *McKell* and *Van Slyke* that deal with

6  extensions of credit akin to the allegations of this complaint.[8]

7                                    **CONCLUSION**

8      For the reasons given above and in defendants' opening brief, the motion to

9  dismiss should be granted without leave to amend and the action dismissed with prejudice.

10  Dated: November 21, 2007                WILLIAM F. ALDERMAN
                                           NANCY E. HARRIS
11                                          JUSTIN M. ARAGON
                                           ORRICK, HERRINGTON & SUTCLIFFE LLP
12

13
                                                /s/ William F. Alderman
14                                    _____
                                           William F. Alderman
15                                          Attorneys for Defendants
                                    Novastar Mortgage Inc., Novastar Home
16                                  Mortgage, Inc. And Novastar Financial, Inc.

17

18  _____

19  [6]  *See also*, *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353 (N.D. Cal. 2007), cited in
    defendants' opening brief, in which Judge Alsup declined to extend the CLRA to extensions of
20  credit.

21  [7]  The facts alleged in *Hernandez* were egregious.  Plaintiffs, who spoke little or no English,
    were promised by brokers that their loan payments would include taxes and insurance, when in
22  fact they did not.  Plaintiffs were unable to detect the deception from  the loan documents, since
    they were not translated into Spanish and plaintiffs had to rely on the brokers' oral assurances as
23  to what the documents said.

24  [8]  California does not stand alone on this issue.  Numerous other state courts have held, when
    interpreting nearly identical consumer protection statutes, that loans are not "goods" or
25  "services."  *See*, *Deerman v. Fed. Home Loan Mortgage Corp.*, 955 F. Supp. 1393, 1399 (N.D.
    Ala. 1997) ("No court has held that a loan is a good or service under this statute, and this court
26  will not be the first to do so"); *Walker v. Federal Deposit Ins. Corp.*, 970 F.2d 114, 123-124 (5th
    Cir. 1992) (loan unconnected with any specific good or service not covered under the Texas
27  Deceptive Trade Practices Act); *Lamn v. AMFAC Mortgage Corp.*, 605 P. 2d 730, 731 (Or. App.
    1980) (Oregon Legislature's deletion of "loans and extensions of credit" from the final version of
28  its bill "resolved any doubt" that Oregon's Unfair Trade Practices Act does not apply to mortgage
    loans).