1  Carter M. Zinn (State Bar No. 205034)
   LAW OFFICES CARTER M. ZINN
2  3450 Broderick Street, Suite 302
   San Francisco, California 94123
   Telephone: (415) 292-4100
3  Facsimile: (415) 292-4106
   E-mail: Carter@zinn-law.com
4
   John Phillips (Washington State Bar No. 12185)
5  Phillips Law Group, PLLC
   315 Fifth Avenue South, Suite 1000
6  Seattle, WA 98104-2682
   Phone: (206) 382-6163
7  Facsimile: (206) 382-6168
   e-mail: jphillips@jphillipslaw.com
8  Ari Brown (Washington State Bar No. 29570)
   Law Office of Ari Brown
9  2003 Western Avenue, Suite 203
   Seattle, WA 98121
10 Telephone: (206) 625-7999
   Facsimile: (206) 441-6014
11 E-mail: ari@abrownlegal.com

12  Attorneys for Plaintiffs CHRISTOPHE KUBIAK and SEBASTIAN SANGES

13
                    UNITED STATES DISTRICT COURT
14                  NORTHERN DISTRICT OF CALIFORNIA

15  CHRISTOPHE KUBIAK, an individual;          Case No. C 07-CV-03438-VRW
    SEBASTIAN SANGES, an individual, on        CLASS ACTION
16  behalf of themselves and all others similarly
    situated,                                  **JOINT CASE MANAGEMENT
17                                             STATEMENT**
18               Plaintiffs,

19          v.

20  NOVASTAR MORTGAGE INC., a Virginia
    Corporation; NOVASTAR HOME
21  MORTGAGE INC., a Delaware Corporation,

22               Defendants.

23              JOINT CASE MANAGEMENT STATEMENT
                Case No. C 07-CV-03438-VRW
                              1

Pursuant to Fed. R. Civ. P. 16(c) and 26(f) and Civil Local Rule 16-9, plaintiffs Christophe Kubiak and Sebastian Sanges and defendant Novastar Mortgage, Inc. ("NMI"), submit the following Joint Case Management Statement.

1. Jurisdiction and Service

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 (d)(2) in that the matter is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and members of the purported class are citizens of a State different from the defendant. The defendant has been properly served with the original summons and complaint and the first amended complaint.

On January 23, 2008, a petition for involuntary bankruptcy was filed under Chapter 7 of the United States Bankruptcy Code against defendant Novastar Home Mortgage, Inc. ("NHMI") in the United States Bankruptcy Court for the Western District of Missouri, Case NO. 08-40245-7. NHMI is resisting the involuntary bankruptcy. Pursuant to Section 362 of the Bankruptcy Code, Defendants contend that plaintiffs' action against defendant NHMI is automatically stayed.

2. Statement of Facts

Plaintiffs' Separate Statement of Facts:

Plaintiffs Christophe Kubiak and Sebastian Sanges refinanced their home mortgage by obtaining a mortgage that was arranged by defendant NovaStar Home Mortgage Inc. ("NHMI"). The loan closing documents listed NHMI as the lender. The loan was transferred to defendant NovaStar Mortgage Inc. ("NMI") immediately upon closing. The loan was funded using a line of credit that the NovaStar entities had with Wachovia Bank for which NMI, NHMI, and their parent company, NovaStar Financial ("NFI") were jointly and severally liable. In April, 2005,

NHMI prepared a Good Faith Estimate that estimated that compensation to the broker would be $5,415. The Good Faith Estimate did not disclose that NHMI would also collect a premium from its affiliate NMI, in exchange for the loan carrying a higher interest rate than that which NMI would have extended to Plaintiffs given their finances and credit score in the absence of such premium payment. This information was also not disclosed to Plaintiffs at the time their loan closed on May 20, 2005.

Plaintiffs allege that the defendants regularly extended loans to California residents without informing its borrowers, in writing, on the Good Faith Estimate of the fact that NMI will pay a broker such as NHMI a premium in exchange for a higher interest rate to the borrower, of the amount of that premium, and of its consequent effect. Plaintiffs allege that the payment of an undisclosed premium and its consequent effects is illegal in that it does not comply with the disclosure requirements under the Real Estate Settlement Procedures Act and is otherwise unfair and deceptive.

Defendant's Separate Statement of Facts:

Plaintiffs Christophe Kubiak and Sebastien Sanges refinanced their home through a loan from NovaStar Home Mortgage, Inc. ("NHMI"). They complain that NHMI, acting as a broker, received an undisclosed "yield spread premium" ("YSP") from NovaStar Mortgage, Inc. ("NMI"), acting as a lender. However, plaintiffs' closing documents, as well as their loan applications and the "good faith estimates" ("GFEs") they received from NHMI, reveal without exception that NHMI was a lender rather than broker in this financing transaction. The documents also establish that, even though no YSP was ultimately paid, the possibility of a YSP was in fact disclosed to plaintiffs in accordance with federal law.

Furthermore, NMI never paid a broker in exchange for a higher interest rate on a borrower's loan as plaintiffs argue; such a contention is inapposite to the very nature of such a premium. Lenders – including NMI – do not pay broker premiums in exchange for higher

interest rate loans, rather lenders charge higher rates on loans where brokers require a premium payment as part of their compensation, and then only to the extent designed to recover the premium charged. Thus, lenders, including NMI, are neutral on whether a premium will be paid to a broker or the amount or such a premium, other than to ensure that the loan is competitive.

To the extent plaintiffs are now attempting to expand this case to include claims based on an allegedly improper premium related to the transfer of plaintiffs' loan from NHMI to NMI, such claims are nowhere alleged in the Complaint. Furthermore, such premiums, commonly referred to as "service-release premiums" or "SRPs," are specifically exempted from RESPA's disclosure requirements and thus cannot form a basis for liability in this case.

3. <u>Legal Issues</u>

The first legal issue is whether this action should proceed as a class action.

The second legal issue is the adequacy of the disclosures of premium payments by defendant to mortgage brokers required by the Real Estate Settlement Practices Act. *See* 12 U.S.C. § 2601 et seq; 24 C.F.R. 3500.7; 24 C.F.R. 3500.8.

The third legal issue is whether the RESPA disclosure requirements, are incorporated into California law by the California Residential Mortgage Lending Act ("CRMLA") Cal. Fin. Code 50500 *et seq*. and provide a basis for finding violations of the California Business and Professions Code § 17200 (the "UCL"), Cal. Bus. & Prof. Code §17500 (the "FAL"), and The Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §1750.

The fourth legal issue is whether plaintiffs have alleged and will ultimately demonstrate harm to recover under the UCL, the FAL, or the CLRA. *See* Cal. Bus. & Prof. § 17204 § 17535; Cal. Civ. Code § 1780(a).

The fifth legal issue is whether plaintiffs have alleged and will and ultimately demonstrate that defendant acted in violation of the UCL, FAL, CLRA or the CRMLA.

The sixth legal issue is whether the transaction plaintiffs allege here, is a "transaction

intended to result or which results in the sale or lease of goods or services to any consumer" under the CRLA.

4. <u>Motions</u>:

NMI and NHMI filed a motion to dismiss which was granted in part with leave to amend. Plaintiffs intend to file a motion for class certification following some preliminary discovery. The parties anticipate that each will file one or more dispositive motions regarding RESPA and its application to California law.

<u>Defendant's Separate Statement:</u>

NMI plans to file a motion to stay this action based on this Court's inherent power to stay its proceedings due to the vital role NHMI plays in plaintiffs' allegations. NHMI owes a duty of indemnity to NMI to the extent the loans made by NHMI and transferred to NMI were not properly disclosed to the borrowers, and NMI, like NHMI, no longer holds the loans at issue. This action cannot proceed without NHMI, which is subject to an automatic stay as a result of the bankruptcy proceedings in the Western District of Missouri.

<u>Plaintiffs' Separate Statement:</u>

Because NMI holds the loans at issue, including all loans brokered by NHMI, in order to avoid additional motions practice, Plaintiffs have offered to dismiss without prejudice NHMI from this action so that this case can proceed against NMI.

5. <u>Amendment of Pleadings</u>:

Plaintiffs filed an amended complaint on January 9, 2008. Plaintiffs agreed to defendant's request to extend time to answer the complaint to February 19, 2008. Defendant NMI answered the complaint on February 19, 2008.

6. <u>Evidence Preservation</u>:

Plaintiffs and defendants have preserved their loan documents for use in this litigation.

7. <u>Disclosures</u>:

Case No. C 07-CV -03438-VRW
5

The parties will exchange initial disclosures no later than March 27, 2008.

<u>Plaintiffs' Separate Statement:</u>

Plaintiffs previously requested that initial disclosures include the documents in each party's possession regarding the mortgage loan at issue including the documents provided to Plaintiffs prior to and at closing, and defendant's complete loan file including copies of electronic documents. Plaintiffs need these documents to show the amount of the premium NMI paid NHMI in order to provide an initial calculation of damages with their initial disclosure. To date, no such documents have been provided.

<u>Defendant's Separate Statement:</u>

Prior to the briefing on the Motion to Dismiss, defendant voluntarily produced plaintiffs' loan applications, GFEs and the loan file provided to plaintiffs at closing (Bates label: NS00001 through NS00118). Defendant intends to provide the balance of the initial disclosures by the March 27, 2008 deadline.

8. Discovery

Plaintiffs do not believe discovery should be bifurcated or otherwise phased. Plaintiffs' discovery is anticipated to include the following topics:

(a) The actual services defendant performed on Plaintiff's behalf;

(b) Payments that were made or received between parties and/or third parties arising from Plaintiff's home mortgage loan;

(c) Information the parties disclosed to one another and the manner information was provided;

(d) Representations the parties made to one another and the manner such representations were made;

(e) The extent to which defendant engaged in similar practices with other borrowers or home buyers;

JOINT CASE MANAGEMENT STATEMENT
Case No.  C 07-CV -03438-VRW

6

(f) NMI's lending policies and practices including disclosure requirements, underwriting and approval guidelines, payments to brokers and third parties;

(g) NMI's marketing efforts to brokers and to the public;

(h) Information needed to determine the size and content of the class;

(i) Efforts to comply with state or federal regulations and any governmental or regulatory audits;

(j) Information regarding NMI's use of warehouse lending agreements.

(k) Expert discovery regarding damages.

Defendant's Separate Statement:

To promote judicial economy and spare the parties needless expense, defendant suggests that while limited discovery on plaintiffs' class certification motion is being conducted – and once sufficient discovery has been carried out regarding the plaintiffs' own loan – defendant will file a summary judgment motion regarding the adequacy of plaintiffs' claims.

9. Class Action:

Plaintiff seeks to certify a class of California borrowers whose interest rates were allegedly inflated by a premium payment NMI made to each borrower's mortgage broker that allegedly was inadequately disclosed in writing to the borrower.  The proposed class is defined in paragraph 32 of the complaint.  Membership in the class, and damages for each putative class member will be ascertainable from documents each borrower's loan file and from NMI's corresponding rate sheets that were in effect during the class period.

Plaintiffs will confer with defendant to attempt to agree to limited discovery necessary for plaintiffs to bring a class certification motion.  If they are unable to agree, the parties will bring the matter before the court.  If the needed discovery is forthcoming, Plaintiffs believe that they could bring a class certification motion as early as July, 2008.

10. Related Cases:

Plaintiffs' Separate Statement:

The case is based on the same conduct of another mortgage lender and alleges the same causes of action. In addition, the case of *Pierce v. NovaStar Mortgage Inc*. C05-05835 (W.D. Wash) was recently litigated in the Western District of Washington and based on the same factual allegations.

Defendant's Separate Statement:

There are no related cases.

11. Relief:

Plaintiffs will seek damages for plaintiff and the proposed class that represents the higher interest rate expense they have incurred due to the premiums paid by Defendant to mortgage brokers. Plaintiff will seek exemplary and punitive damages under the CLRA along with costs and attorney's fees. By way of injunctive relief under the UCL and FAL, Plaintiff will request that the Court require NMI to reform loans that are still in existence to remove the inflating effect of any premium paid and that it be enjoined from extending additional loans without fully disclosing the fact and amount of any premium paid to a mortgage broker.

NMI disputes that plaintiffs or any purported class of plaintiffs are entitled to any relief and asks that plaintiffs' Complaint be dismissed in its entirety and that defendant be awarded such other relief as the Court deems proper.

12. Settlement and ADR

The parties agree that this case will be suitable for mediation and will be ready for mediation once sufficient discovery has been conducted to ascertain the size and scope of the putative class.

13. Consent to Magistrate Judge for All Purposes:

The parties have declined to have this case adjudicated by a magistrate judge.

14. <u>Other References</u>:

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>:

The parties do not propose narrowing issues by agreement at this time and neither party requests bifurcation of issues, claims, or defenses.

16. <u>Expedited Schedule</u>

The parties do not propose adjudicating this case on an expedited basis.

17. <u>Scheduling</u>:

Defendant plans to file a motion to stay this proceeding based on the unavailability of NHMI due to the automatic stay and believes that any pre-trial scheduling should be put off until after that motion is decided.

a.   Motion for Class Certification:   July 28, 2008

b.   Expert witness designation:   September 16, 2008

c.   Discovery Cutoff:   December 8, 2008

d.   Dispositive Motions noted for consideration by: January 22, 2009

e.   Pretrial conference:   April 7, 2009

18. <u>Trial</u>:

This case will be tried to a jury. Plaintiffs estimate that the trial will take 6-7 court days and can be ready for trial in April, 2009.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

Each party has filed the required certification. Plaintiff knows of no additional entities with a financial or other interest in the outcome of the proceeding.

Dated: March 13, 2008

Presented By:

        LAW OFFICES OF CARTER M. ZINN

    By:   /s/ Carter M. Zinn (by permission)
           Carter M. Zinn

    PHILLIPS LAW GROUP, PLLC

    By:   /s/ John W. Phillips (by permission)
           John W. Phillips

    LAW OFFICE OF Ari BROWN

    By: :   /s/ Ari Y. Brown (by permission)
           Ari Y. Brown

    Attorneys for Plaintiffs

Concurrence in the filing of the document has been obtained from the signatories.

    Approved as to Form;
    Approved for Entry

    **ORRICK, HERRINGTON & SUTCLIFFE LLP**

    By:   /s/ Justin M. Aragon
           Justin M. Aragon
    Attorney for Defendant