1  WILLIAM F. ALDERMAN (STATE BAR NO. 47381)
   walderman@orrick.com
2  NANCY E. HARRIS (STATE BAR NO. 197042)
   nharris@orrick.com
3  JUSTIN M. ARAGON (STATE BAR NO. 241592)
   jaragon@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:     415-773-5700
   Facsimile:      415-773-5759
7
   Attorneys for Defendant NovaStar Mortgage, Inc.
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  CHRISTOPHE KUBIAK, an individual; and          Case No.  C 07-CV -03438-VRW
    SEBASTIAN SANGES, an individual, on
14  behalf of themselves and all others similarly   **STIPULATION AND PROTECTIVE**
    situated,                                       **ORDER**
15
                    Plaintiffs,
16
            v.
17
    NOVASTAR MORTGAGE, INC., a Virginia
18  corporation and NOVASTAR HOME
    MORTGAGE, INC., a Delaware corporation,
19
                    Defendants.
20

21

22

23

24

25

26

27

28

1

**STIPULATION**

2          Plaintiffs and defendants acting through their respective counsel of record, hereby

3   stipulate as follows:

4          1.      The preparation and trial of this action may require the discovery or

5   disclosure of documents, information or other material claimed by one or more of the parties to this

6   action or others to be confidential or of a private or personal nature.

7          2.      In order to expedite the discovery of materials, facilitate the prompt

8   resolution of disputes over confidentiality, adequately protect material entitled to be kept

9   confidential, and serve the ends of justice, a protective order for such information is prudent and

10  necessary.

11         3.      As used herein:

12                 a.      "DISCOVERY" includes any document or writing produced by any

13  party in response to any formal or informal request or subpoena for discovery of documents, any

14  interrogatory answers, any response to a request for admission and any deposition transcripts,

15  together with all information contained therein and derived therefrom, and all copies, excerpts or

16  summaries thereof.

17                 b.      "CONFIDENTIAL DISCOVERY" means DISCOVERY designated

18  as CONFIDENTIAL pursuant to paragraphs 5 and 6 below.

19         4.      If any party in good faith believes that DISCOVERY constitutes, contains or

20  reflects trade secrets, proprietary, personal, private or other confidential information, that party may

21  designate such DISCOVERY as CONFIDENTIAL DISCOVERY in accordance with the

22  procedures set forth in paragraphs 5 and 6 below.  Any DISCOVERY so designated shall be

23  considered CONFIDENTIAL DISCOVERY for purposes of this Stipulation and Protective Order.

24  In the event of any dispute about whether particular DISCOVERY is properly designated as

25  CONFIDENTIAL DISCOVERY, the parties shall attempt to resolve the dispute by negotiation.  If

26  such negotiations fail, any party may move the Court for an appropriate order.

27         5.      To designate any DISCOVERY as CONFIDENTIAL DISCOVERY, the

28  party making such designation shall:

a. In the case of DISCOVERY other than depositions, mark such DISCOVERY "CONFIDENTIAL" at or prior to the time of its production or service, or at the election of the producing party at the time any copies are made for production. In the event the producing party elects to make CONFIDENTIAL DISCOVERY designations at the time copies are made, produced documents shall be treated as CONFIDENTIAL DISCOVERY hereunder until copies of requested documents are actually provided designating which documents are CONFIDENTIAL DISCOVERY.

b. In the case of depositions, either: (i) state on the record that the deposition or a specified portion thereof involves CONFIDENTIAL DISCOVERY, or (ii) so advise all counsel within 21 days of receipt of the transcript. During this 21-day period, all deposition transcripts and the information contained therein shall be deemed CONFIDENTIAL DISCOVERY. The reporter shall be advised to limit distribution of the transcripts to the parties and the deponent (or his or her attorney).

6. CONFIDENTIAL DISCOVERY shall be used solely for the prosecution or defense of this action and shall not be disclosed in any manner to anyone other than the following:

a. counsel who are actively engaged in the prosecution or defense of this action and employees of such counsel assisting in the conduct of this action;

b. experts or consultants assisting counsel in this action;

c. parties and employees of any party where deemed necessary by counsel to assist in the prosecution or defense of this action;

d. witnesses and their counsel during the course of, or in preparation for, hearings or depositions in this action where deemed necessary by counsel to assist in the prosecution or defense of this action;

e. this Court and its personnel, including stenographic reporters regularly employed by the Court;

f. stenographic reporters not regularly employed by the Court, who are engaged in such proceedings as are necessarily incident to the conduct of this action; and

g. other persons only in accordance with paragraph 9 below.

7.   Each person to whom any CONFIDENTIAL DISCOVERY is disclosed shall be required to be bound by the terms of this Stipulation and Protective Order.

8.   Before receiving any CONFIDENTIAL DISCOVERY, each person to whom CONFIDENTIAL DISCOVERY is to be disclosed (excluding the Court and its personnel, counsel of record and legal assistants or other law firm or law department employees working under their supervision in the prosecution or defense of this action) shall be provided with a copy of this Order and execute the form attached hereto.  Counsel shall maintain all such executed forms throughout the pendency of this action.

9.   If counsel for any party determines that the prosecution or defense of this action requires that CONFIDENTIAL DISCOVERY be disclosed to persons not otherwise authorized herein, such counsel shall provide counsel for the party that produced such CONFIDENTIAL DISCOVERY with written notice of the intended disclosure by facsimile and U.S. mail (which notice shall specify with particularity the information to be disclosed and the name, title and employer of the otherwise unauthorized person) not less than fourteen (14) days prior to disclosure, or such shorter period as is agreeable to the party that produced such material. If, within seven (7) days of receipt of such notice, counsel for the party which produced the material objects in writing to such disclosure to the counsel giving notice, the information shall not be disclosed unless the Court so orders pursuant to the motion practice contemplated by paragraph 10 below.

10.  If counsel for any party objects to designation of discovery as CONFIDENTIAL DISCOVERY, such objection shall be in writing and the parties shall be required within five (5) days of such objection to meet and confer regarding the designation.  If no agreement is reached, the party seeking the CONFIDENTIAL DISCOVERY designation shall be required to move the Court for a protective order within fifteen (15) days of the written objection, and will bear the burden of demonstrating that the materials should be treated as CONFIDENTIAL DISCOVERY.  Until the Court rules on the motion, the parties shall continue to treat the discovery that is the subject of the motion as CONFIDENTIAL DISCOVERY.

101.  If any party wishes to include any CONFIDENTIAL DISCOVERY or any summary, abstract or description thereof in any brief, declaration, exhibit or other document filed

with the Court, such document or such portion thereof that contains any CONFIDENTIAL

DISCOVERY shall be filed with the Court under seal in an envelope marked:

**CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER**

All material so filed shall be maintained by the Clerk of the Court separate from the

public records in this action and shall be released only upon further order of the Court.

12.     Each person to whom any CONFIDENTIAL DISCOVERY is disclosed is

hereby prohibited from divulging it or any information contained therein or from exploiting it in any

way for his or her own benefit, and from using it for any purposes or in any manner not connected

with the prosecution or defense of this action.

13.     Entering into, agreeing to and/or complying with the terms of this Stipulation

and Protective Order shall not:

a.     operate as an admission that any particular designated material

constitutes, contains or reflects trade secrets, proprietary or commercial information or other

confidential matter;

b.     prejudice in any way the right of any party to object to the production

of documents or information it considers not subject to discovery or to seek a Court determination

whether particular designated material should be produced;

c.     prejudice in any way the right of any party to apply to the Court to

rescind or modify the terms of this Stipulation and Order or to move the Court for a further

protective order;

d.     prejudice in any way the right of any party to use, or object to the use

of, any designated material at any hearing or at trial;

e.     affect the obligations of any party or person to comply with the terms

of any compulsory process; or

f.     be construed as a waiver by either party of any discovery objection.

14.     This Stipulation and Protective Order shall have no effect upon, and its scope

shall not extend to, any party's use of its own documents, testimony and information.

15.     This Stipulation and Protective Order shall have no effect on documents

1  and evidence that plaintiffs already possess as a consequence of prior litigation with defendants,

2  which shall be governed by the protective orders, if any, in the prior litigation.

3            16.     This Stipulation and Protective Order shall be effective from the date on

4  which it is entered by the Court and shall apply from that date forward to all discovery in this matter,

5  whether produced before or after that date.  Counsel may designate discovery which has been

6  produced prior to the effective date of this Stipulation and Protective Order as confidential through a

7  letter to opposing counsel.

8            17.     Documents and information protected by this protective order shall not be

9  used by or under the authority of any person receiving such material for any business or competitive

10 purpose, or for any purpose not directly related to this litigation.  No person receiving such

11 documents or information shall disclose the documents or information to any individual, except as

12 provided herein.

13            18.     The parties agree to submit this Stipulation and Protective Order to the Court

14 for approval and further agree that pending approval by the Court, this Stipulation and Protective

15 Order shall be effective as if approved and, specifically, that any violation of the terms shall be

16 subject to the same sanctions and penalties as if this Stipulation and Protective Order had been

17 entered by the Court.

18            19.     The provisions of this protective order shall not terminate at the conclusion of

19 this action.  Within 60 days of the conclusion of all aspects of this litigation (whether by settlement

20 or by judgment), documents and information and all copies of same (other than exhibits of record)

21 shall be returned to the party or person who produced such documents or information, or, at the

22 option of the producer, shall be destroyed.  The party who had obtained copies of documents shall

23 assure that all persons who received copies of the documents during the course of this litigation

24 return them.

25            20.     The attorneys of record are responsible for employing reasonable measures to

26 control, consistent with this protective order, duplication of, access to, discussion of and distribution

27 of copies of confidential documents and information.

28            21.     The parties to this action, and their attorneys as well as employees or other

OHS West:260427945.1                    - 6 -                    STIPULATION AND PROTECTIVE ORDER
                                                                 C 07-CV -03438-VRW

1  attorneys working in the law firms representing the parties, submit to the jurisdiction of this Court

2  for purposes of enforcing this order.

3

4  Dated: April 24, 2008                    WILLIAM F. ALDERMAN
                                            NANCY E. HARRIS
5                                           JUSTIN M. ARAGON
                                            ORRICK, HERRINGTON & SUTCLIFFE LLP
6

7
                                            _____
                                                     //s Justin M. Aragon
8                                                      Justin M. Aragon
                                                   Attorneys for Defendant
9                                                  NovaStar Mortgage, Inc.

10

11 Dated: April 24, 2008                    CARTER M. ZINN
                                            LAW OFFICES CARTER M. ZINN;
12                                          JOHN W. PHILLIPS
                                            PHILLIPS LAW GROUP, PLLC;
13                                          ARI BROWN
                                            LAW OFFICE OF ARI BROWN

14

15
                                            _____
16                                              //s John W. Phillips (by permission)
                                                      John W. Phillips
17                                                  Attorneys for Plaintiffs
                                            Christophe Kubiak and Sebastian Sanges.

18

19 Concurrence in the filing of this document has been obtained from the signatory.

20

21

22

23

24

25

26

27

28

OHS West:260427945.1                        - 7 -                    STIPULATION AND PROTECTIVE ORDER
                                                                        C 07-CV -03438-VRW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

Based upon the above stipulation of the parties, and good cause appearing therefor,

IT IS ORDERED that the foregoing stipulation be and is hereby adopted as the order

of the Court.

Dated: _____

_____
United States District Court Judge

**CONFIDENTIALITY AGREEMENT**

1

2          The parties to this case have agreed to a protective order that limits the use of

3   information and documents they get from one another to use in this action only.  The purpose of this

4   order is to prevent confidential private or proprietary information from being passed on to others

5   who are not involved in the litigation.  As a party, potential witness, consultant or deponent in this

6   case, you may learn of information that one of the parties considers confidential, private or

7   proprietary.  It is important that you keep confidential any documents you see or information you

8   learn from any of the parties, or attorneys for the parties, to this litigation.  You may not disclose or

9   discuss the contents of any documents or information you see or hear about during the course of

10  your involvement in this case with anyone not directly involved in this case.

11          I understand the above and agree that I will keep all such information confidential.

12

13  Dated: _____

14

15                                                        _____

16                                                                        (Name)

17                                                        _____

18                                                                        (Address)

19

20

21

22

23

24

25

26

27

28