WILLIAM F. ALDERMAN (STATE BAR NO. 47381)
walderman@orrick.com
NANCY E. HARRIS (STATE BAR NO. 197042)
nharris@orrick.com
JUSTIN M. ARAGON (STATE BAR NO. 241592)
jaragon@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    415-773-5700
Facsimile:    415-773-5759

Attorneys for Defendants NovaStar Mortgage, Inc. and
NovaStar Home Mortgage, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHE KUBIAK, an individual; and SEBASTIAN SANGES, an individual, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NOVASTAR MORTGAGE, INC., a Virginia corporation; NOVASTAR HOME MORTGAGE, INC., a Delaware corporation; and NOVASTAR FINANCIAL, INC., a Maryland corporation.,<br><br>　　　　　Defendants. | Case No.  C 07-CV -03438-VRW<br><br>**NOVASTAR HOME MORTGAGE, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

NovaStar Home Mortgage, Inc. ("NHMI") answers plaintiffs Christophe Kubiak and Sebastien Sanges' First Amended Complaint ("FAC") as follows:

## GENERAL MATTERS

The numbered paragraphs of this Answer correspond to the paragraphs as numbered in the FAC.

To the extent that the FAC attempts to characterize certain alleged facts in a conclusory manner such as "fraudulently," "unfair," "deceptive," "otherwise unlawful" or "defraud," NHMI responds generally that such allegations constitute pejoratives or conclusions of law and do not constitute allegations of fact requiring a response; however, to the extent such allegations may be construed as allegations of fact, NHMI objects to and denies each and every such allegation.

To the extent paragraphs in the complaint are grouped under headings, NHMI responds generally that such headings and groupings are mere conclusions of law or fact and deny each and every such allegation made or implied by such headings or groupings.

## PARAGRAPH-BY-PARAGRAPH RESPONSES

### I. INTRODUCTION

1. Paragraph 1 contains descriptive materials to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 1.

2. Paragraph 2 contains descriptive materials, as well as arguments and legal conclusions, to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 2.

3. Paragraph 3 contains descriptive materials, as well as arguments and legal conclusions, to which no response is required. To the extent that these allegations require a response, NHMI admits that, at all times relevant to the FAC, NMI obtained a portion of its business from the referrals of mortgage brokers who are either independent agents or who work under the name of NHMI. NHMI denies each and every remaining allegation in paragraph 3.

4. Paragraph 4 contains descriptive materials, as well as arguments and legal

conclusions, to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 4.

## II.   JURISDICTION AND VENUE

5.   In response to paragraph 5, NHMI admits that the Northern District of California has jurisdiction over plaintiffs' claims and is the proper venue for this action. Except as expressly admitted, NHMI denies each and every allegation in paragraph 5, and further denies that any Class may properly be certified in this case.

## III.   PARTIES

6.   NHMI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 6 and on that basis denies each and every allegation in that sentence. In response to the second sentence of paragraph 6, NHMI specifically denies that Christophe Kubiak and Sebastian Sanges obtained a mortgage loan from NMI (which is defined in paragraph 3 of the FAC as "NovaStar"). Except as expressly admitted, NHMI denies each and every allegation in paragraph 6.

7.   In response to paragraph 7, NHMI admits that NMI is a Virginia corporation headquartered in Kansas City, Missouri and a wholly-owned subsidiary of NovaStar Financial, Inc. NHMI also admits that NMI was licensed in California as a consumer loan company and conducted business in the state of California. Except as expressly admitted, NHMI denies each and every allegation in paragraph 7.

8.   In response to paragraph 8, NHMI admits that it is a Delaware corporation and a wholly-owned subsidiary of NovaStar Financial, Inc. NHMI also admits it was licensed in California as a consumer loan company and conducted business in the state of California. Except as expressly admitted, NHMI denies each and every allegation in paragraph 8.

## IV.   FACTS COMMON TO THE CLASS

9.   In response to paragraph 9, NHMI admits that at all times relevant to the FAC, NMI made mortgage loans in California. Except as expressly admitted, NHMI denies each and every allegation in paragraph 9.

10.   The allegations in the first sentence of paragraph 10 contain descriptive material to

1  which no response is required.  Should a response be required, NHMI denies each and every

2  allegation in that sentence.  NHMI admits the allegation contained in the second and third

3  sentences of this paragraph.  With respect to the allegations in the fourth sentence of paragraph

4  10, NHMI admits only that interest rates may be determined in part by use of rate sheets.  NHMI

5  denies the allegations contained in the fifth sentence of paragraph 10.  Except as expressly

6  admitted, NHMI denies each and every allegation in paragraph 10.

7      11.    NHMI denies each and every allegation contained in paragraph 11.

8      12.    Paragraph 12 contains arguments and legal conclusions to which no response is

9  required.  To the extent that these allegations require a response, NHMI denies that it failed to

10  abide by RESPA's disclosure requirements during any alleged interactions with plaintiffs.  NHMI

11  denies each and every remaining allegation in paragraph 12.

12      13.    Paragraph 13 contains descriptive materials to which no response is required.  To

13  the extent that these allegations require a response, NHMI denies each and every allegation in

14  paragraph 13.

15      14.    Paragraph 14 contains descriptive materials, as well as arguments and legal

16  conclusions, to which no response is required.  To the extent that these allegations require a

17  response, NHMI denies each and every allegation in paragraph 14.

18      15.    Paragraph 15 contains descriptive materials, as well as arguments and legal

19  conclusions, to which no response is required.  To the extent that these allegations require a

20  response, NHMI denies each and every allegation in paragraph 15, and further denies that any

21  Class may properly be certified in this case.

22      **V.    PLAINTIFFS' TRANSACTION**

23      16.    NHMI lacks knowledge and information sufficient to form a belief as to the truth

24  of the allegations contained in paragraph 16 and on that basis denies the allegations in this

25  paragraph.

26      17.    NHMI admits that plaintiffs contacted one of its branch offices in April, 2005 and

27  completed several loan applications over the phone.  NHMI admits that it obtained credit reports

28  for Christophe Kubiak and Sebastian Sanges.  Except as expressly admitted, NHMI denies each

1 and every allegation in paragraph 17.

2     18.    NHMI denies the allegations contained in the first three sentences of paragraph 18. NHMI denies the allegations in the fourth sentence of this paragraph as stated. NHMI prepared at least two Good Faith Estimates ("GFEs") for plaintiffs; both are dated April 19, 2005. NHMI denies the allegations contained in the fifth sentence of this paragraph as stated. Each of the GFEs prepared by NHMI listed an origination fee of $5,415. NHMI denies the allegations in the sixth sentence of this paragraph. NHMI denies the allegations contained in the seventh sentence as stated. Both GFEs disclosed that plaintiffs' loan could contain a "yield spread premium" of "0-3%." NHMI denies the allegations contained in sentences eight through ten of paragraph 18. Except as expressly admitted, NHMI denies each and every allegation in paragraph 18.

    19.    NHMI denies each and every allegation contained in paragraph 19.

    20.    NHMI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and on that basis denies those allegations.

    21.    NHMI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and on that basis denies those allegations.

    22.    NHMI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and on that basis denies those allegations.

    23.    NHMI admits the allegations contained in paragraph 23.

    24.    NHMI denies each and every allegation contained in paragraph 24.

    25.    NHMI denies the allegations contained in paragraph 25 to the extent they characterize any amounts paid to NHMI by NMI as a yield spread premium. NHMI also denies the allegations contained in paragraph 25 to the extent they assert that any amounts paid to NHMI by NMI caused the interest rate on plaintiffs' loan to be increased from what otherwise would be available to them. Except as expressly admitted, NHMI denies each and every allegation in paragraph 25.

## VI.    TOLLING OF THE STATUTE OF LIMITATIONS DUE TO FRAUDULENT CONCEALMENT

    26.    Paragraph 26 contains arguments and legal conclusions to which no response is

1  required. To the extent that these allegations require a response, NHMI denies each and every

2  allegation in paragraph 26, and further denies that any Class may properly be certified in this

3  case.

4      27.    Paragraph 27 contains arguments and legal conclusions to which no response is

5  required. To the extent that these allegations require a response, NHMI denies each and every

6  allegation in paragraph 27. NHMI specifically denies the allegation in the first sentence of

7  paragraph 27 that NMI made mortgage loans to plaintiffs or to the Class or that NMI was required

8  to disclose any premium payments. NHMI further denies that any Class may properly be

9  certified in this case

10      28.    NHMI denies each and every allegation contained in paragraph 28, and further

11  denies that any Class may properly be certified in this case.

12      29.    NHMI denies each and every allegation contained in paragraph 29.

### VII.  THE CLASS ALLEGATIONS

14      30.    The allegation in paragraph 30 contain legal conclusions to which no response is

15  required. To the extent that this allegation requires a response, NHMI denies each and every

16  allegation in paragraph 30, and further denies that any Class may properly be certified in this

17  case.

18      31.    Paragraph 31 contains arguments and legal conclusions to which no response is

19  required. To the extent that these allegations require a response, NHMI denies each and every

20  allegation in paragraph 31, and further denies that any Class may properly be certified in this

21  case.

22      32.    Paragraph 32 is a prayer for relief to which no response is required. To the extent

23  that these allegations require a response, NHMI denies that plaintiffs and purported class

24  members were damaged by any acts, statements or omissions of defendants or that plaintiffs are

25  entitled to any equitable relief. NHMI further denies that any Class may properly be certified in

26  this case.

27      33.    Paragraph 33 contains legal conclusions to which no response is required. To the

28  extent that these allegations require a response, NHMI denies each and every allegation in

1  paragraph 33, and further denies that any Class may properly be certified in this case.

2       34.    Paragraph 34 contains arguments and legal conclusions to which no response is
3  required. To the extent that these allegations require a response, NHMI denies each and every
4  allegation in paragraph 34, and further denies that any Class may properly be certified in this
5  case.

6       35.    Paragraph 35 contains arguments and legal conclusions to which no response is
7  required. To the extent that these allegations require a response, NHMI denies each and every
8  allegation in paragraph 35, and further denies that any Class may properly be certified in this
9  case.

10      36.    Paragraph 36 contains arguments and legal conclusions to which no response is
11 required. To the extent that these allegations require a response, NHMI denies each and every
12 allegation in paragraph 36, and further denies that any Class may properly be certified in this
13 case.

14      37.    Paragraph 37 contains arguments and legal conclusions to which no response is
15 required. To the extent that these allegations require a response, NHMI denies each and every
16 allegation in paragraph 37, and further denies that any Class may properly be certified in this
17 case.

**VIII.   FIRST CAUSE OF ACTION: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.: UNFAIR COMPETITION**

38.    In response to paragraph 38 of the FAC, NHMI incorporates and adopts paragraphs 1 through 37 of this Answer as though fully set forth herein.

39.    Paragraph 39 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 39.

40.    Paragraph 40 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 40, and further denies that any Class may properly be certified in this case.

1  41.    Paragraph 41 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 41.

42.    Paragraph 42 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 42.

43.    Paragraph 43 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 43.

44.    Paragraph 44 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 44.

45.    Paragraph 45 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 45.

46.    Paragraph 46 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 46, and further denies that any Class may properly be certified in this case.

47.    Paragraph 47 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 47, and further denies that any Class may properly be certified in this case.

48.    Paragraph 48 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 48, and further denies that any Class may properly be certified in this case.

49.    Paragraph 49 contains arguments and legal conclusions to which no response is

required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 49.

50. Paragraph 50 contains arguments, legal conclusions and a prayer for relief to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 50.

51. Paragraph 51 contains arguments, legal conclusions and a prayer for relief to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 51, and further denies that any Class may properly be certified in this case.

52. Paragraph 52 contains arguments, legal conclusions and a prayer for relief to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 51, and further denies that any Class may properly be certified in this case.

## IX. SECOND CAUSE OF ACTION: VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

53. In response to paragraph 53 of the FAC, NHMI incorporates and adopts paragraphs 1 through 52 of this Answer as though fully set forth herein.

54. Paragraph 54 contains legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 54.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 55.

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 56.

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in

paragraph 57.

58. Paragraph 58 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 58.

59. Paragraph 59 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 59.

60. Paragraph 60 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 60.

61. Paragraph 61 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 61.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 62.

63. Paragraph 63 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 63. NHMI specifically denies that plaintiffs provided written notice of their claims to NHMI pursuant to California Civil Code § 1782.

64. Paragraph 64 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 64, and further denies that any Class may properly be certified in this case.

65. Paragraph 65 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 65.

66. Paragraph 66 contains arguments, legal conclusions and a prayer for relief to

which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 66, and further denies that any Class may properly be certified in this case.

### X. THIRD CAUSE OF ACTION: VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500, ET SEQ.

67. In response to paragraph 67 of the FAC, NHMI incorporates and adopts paragraphs 1 through 66 of this Answer as though fully set forth herein.

68. Paragraph 68 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 68.

69. Paragraph 69 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 69.

70. Paragraph 70 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 70.

71. Paragraph 71 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 71, and further denies that any Class may properly be certified in this case.

72. Paragraph 72 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 72, and further denies that any Class may properly be certified in this case.

73. Paragraph 73 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 73, and further denies that any Class may properly be certified in this case.

74.   Paragraph 74 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 74.

75.   Paragraph 75 contains arguments, legal conclusions and a prayer for relief to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 75.

76.   Paragraph 76 contains arguments and legal conclusions to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 76, and further denies that any Class may properly be certified in this case.

77.   Paragraph 77 contains arguments, legal conclusions and a prayer for relief to which no response is required. To the extent that these allegations require a response, NHMI denies each and every allegation in paragraph 77, and further denies that any Class may properly be certified in this case.

## **AFFIRMATIVE DEFENSES**

As further and separate defenses to the FAC, and each claim pled therein, NHMI alleges the following affirmative defenses, none of which constitutes an admission of any sort to any of plaintiffs' allegations in the FAC. In setting forth these affirmative defenses, NHMI does not assume any burden of proof not otherwise imposed upon it by law.

## **FIRST AFFIRMATIVE DEFENSE**

Each and every purported claim for relief alleged in the FAC fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiffs have failed to join a necessary or indispensable party without whom this action cannot proceed.

## **THIRD AFFIRMATIVE DEFENSE**

Each and every purported claim for relief alleged in the FAC is or may be preempted by other applicable law.

## FOURTH AFFIRMATIVE DEFENSE

Each and every purported claim for relief alleged in the FAC is prohibitively vague, ambiguous and uncertain.

## FIFTH AFFIRMATIVE DEFENSE

Each and every purported claim for relief alleged in the FAC is barred by the applicable statute(s) of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Each and every purported claim for relief alleged in the FAC is barred because it is moot, unripe and non-justiciable.

## SEVENTH AFFIRMATIVE DEFENSE

Each and every purported claim for relief alleged in the FAC is barred or reduced by contributory negligence, mistake, or fraud.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert the claims set forth in the FAC. Plaintiffs are not proper class plaintiffs in that they purport to bring claims on behalf of different groups of defendants' customers that have or may have conflicting interests. Plaintiffs' claims are not typical of the purported class and plaintiffs do not and cannot fairly and adequately represent the purported class. Furthermore, a class action will not be superior to other methods available for the adjudication of this controversy.

## NINTH AFFIRMATIVE DEFENSE

None of the misstatements or omissions alleged in the FAC were, in fact, false or misleading in any way and therefore cannot be considered fraudulent.

## TENTH AFFIRMATIVE DEFENSE

Every alleged act or omission by NHMI was done or omitted in good faith conformity with the rules and regulations of Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., and all other applicable statutes and/or regulations, and thus there can be no liability for any act or omission so alleged.

///

**ELEVENTH AFFIRMATIVE DEFENSE**

The acts, statements and omissions alleged in the FAC were made in good faith, honestly, and without any recklessness or intent to deceive. NHMI acted at all times innocently and without knowledge of purported falsity. Facts contemporaneous with the allegedly fraudulent acts, statements, and omissions indicate that such acts, statements, and omissions were made in good faith with reasonable grounds for believing that they were in full compliance with applicable federal and California law.

**TWELFTH AFFIRMATIVE DEFENSE**

NHMI was under no duty to revise, update, and/or correct any previously-made statements that plaintiffs allege were not subsequently revised, updated, and/or corrected.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The utility and benefits of the challenged transactions alleged in the FAC outweigh any harm they are alleged to have caused and thus they may not be considered unfair.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs claims are barred because they knew or, in the exercise of reasonable care, should have known of the alleged misrepresentations and omissions alleged in the FAC, and thus were negligent with respect to the procurement of their loan. This negligence was the cause in fact and proximate cause of the alleged damages asserted in the FAC.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The allegedly untrue statements of fact and omissions of fact were immaterial to plaintiffs' decision to procure their loan; plaintiffs did not reasonably rely on any of the statements or omissions alleged in the FAC in deciding to procure their loan.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs consented, approved, acquiesced in, and/or ratified some or all of the conduct alleged in the FAC.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because they failed to make reasonable efforts to mitigate any injury or damages they may have suffered and could have prevented such injury or damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs, by their acts or omissions, waived any right to recover against NHMI on the claims alleged in the FAC.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs, by their acts or omissions, are estopped from recovering against NHMI on the claims alleged in the FAC.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs are precluded from entitlement to any relief by virtue of their unclean hands and breaches of their statutory, common law, and contractual duties. Among other things, plaintiffs' claims are or may be barred if their mortgage loan was obtained as a result of fraud and/or misrepresentations on their mortgage applications.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The claims for relief or remedy sought by the FAC are barred by the equitable doctrine of laches.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or reduced because any injury to plaintiffs was caused by the acts or omissions of third parties for whom NHMI is not responsible.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because they have not suffered any legally cognizable injury or damage.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail to state a valid claim for injunctive relief because they cannot establish, among other things, that they do not have an adequate remedy at law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs would be unjustly enriched if they were allowed to recover anything in this action.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to recover their costs and expenses incurred in this action,

including without limitation, attorneys' fees, from NHMI.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

NHMI may have other affirmative defenses against plaintiffs and the putative plaintiff class and therefore reserves the right to assert such defenses in a timely fashion after the facts to support such defenses become known to them.

### XI.   PRAYER FOR RELIEF

WHEREFORE, NHMI prays for judgment as follows:

1. That plaintiffs take nothing and that the action be dismissed with prejudice;
2. That all relief requested in the FAC be denied;
3. That NHMI be awarded its costs of suit; and
4. The Court award NHMI such other and further relief as it deems just and proper.

Dated: May 6, 2008

WILLIAM F. ALDERMAN
NANCY E. HARRIS
JUSTIN M. ARAGON
ORRICK, HERRINGTON & SUTCLIFFE LLP


/s/ Justin M. Aragon
Justin M. Aragon
Attorneys for Defendant
NovaStar Mortgage, Inc. and NovaStar Home Mortgage, Inc.